Argued and submitted June 23, sentence set aside,
remanded for resentencing August 11, 1980

# STATE OF OREGON,
*Respondent,*

*v.*

# SIDNEY WALTER SCOTT,
*Appellant.*

(Nos. 79-185C, 79-195C, 79-269C
CA 16448)

615 P2d 360

[791]

David E. Groom, Deputy Public Defender, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

Robert C. Cannon, Assistant Attorney General, argued the cause for respondent. With him on the brief were James M. Brown, Attorney General, and Walter L. Barrie, Solicitor General, Salem.

Before Joseph, Presiding Judge, and Warden and Warren, Judges.

WARREN, J.

Warden, J., dissenting opinion.

**WARREN, J.**

After a trial to the court, defendant was found guilty of sexual abuse in the first degree, rape in the first degree and attempted murder. He appeals his conviction, contending that the trial court erred in denying his motion for change of venue and in sentencing him to 30 years maximum, with a minimum of 15 years for rape in the first degree together with a consecutive 15 year minimum sentence for attempted murder,[1] after a finding that the defendant was a dangerous offender under the provisions of ORS 161.725.

■ ■    The granting of a motion for change of venue is directed to the sound discretion of the court, *State v. Wampler,* 30 Or App 931, 934, 569 P2d 46 (1977), *rev den, cert den,* 436 US 960, 98 S Ct 3078, 57 L Ed 2d 1126 (1978). In his motion for change of venue, defendant contended that he could not obtain a fair trial in Klamath County due to pretrial publicity concerning the crime. The trial court conducted a hearing on the motion during which jurors from a previous jury panel were questioned concerning their knowledge of the crime and as to whether they had formed an opinion as to defendant's guilt. After the hearing, the court concluded that defendant could obtain a fair trial in Klamath County.

We conclude in the present case that the trial court did not abuse its discretion in denying defendant's motion. Moreover, the defendant waived a jury trial and proceeded to trial before the court. The defendant did not contend in the trial court that he could not obtain a fair trial before the court sitting without a jury and does not contend on appeal that he did not receive a fair trial.

■    The defendant next contends that the court erred in finding him to be a dangerous offender and

---

[1] The court ordered the conviction for sexual abuse merged into the rape conviction if the rape conviction was upheld upon appeal.

imposing consecutive sentences. ORS 161.725(1) provides:

"The maximum term of an indeterminate sentence of imprisonment for a dangerous offender is 30 years, if the court finds that because of the dangerousness of defendant an extended period of confined correctional treatment or custody is required for the protection of the public and if it further finds, as provided in ORS 161.735, that one or more of the following grounds exist:

"(1)  The defendant is being sentenced for a Class A. felony, and the court finds that he is suffering from a severe personality disorder indicating a propensity toward criminal activity."

Without relating all of the facts of this crime in which the 12 year old victim was bound to a tree, raped and nearly killed, suffice it to say that the evidence overwelmingly supports the trial court's finding that he was a dangerous offender. The psychiatric evaluations conducted pursuant to ORS 161.735[2] found defendant to be affected by a severe personality disorder with a propensity toward repeated criminal activity.

---

[2] ORS 161.735(1)(2)(3) provides:

"(1)  Whenever, in the opinion of the court, there is reason to believe that the defendant falls within ORS 161.725, the court shall order a presentence investigation and a psychiatric examination. The court may appoint one or more qualified psychiatrists to examine the defendant or may order that he be taken by the sheriff to a state hospital designated by the Mental Health Division for the examination.

"(2)  When the examination is conducted at a state hospital the superintendent shall notify the sheriff upon completion of the examination, and the sheriff shall return the defendant to the county in which he was convicted. The defendant shall remain in the custody of the sheriff subject to further order of the court. All costs connected with the examination shall be paid by the county in which the defendant was convicted.

"(3)  The psychiatric examination shall be completed within 30 days, subject to additional extensions not exceeding 30 days on order of the court. The psychiatrist shall file with the court a written report of his findings and conclusions, including an evaluation of whether the defendant is suffering from a severe personality disorder indicating a propensity toward criminal activity."

In imposing sentence, the trial court noted that it was imposing lengthy sentences with lengthy minimum sentences:

"* * * finding that the circumstances of these offenses that total confinement is needed for the protection of the community. I hesitate to use superlatives because of the fact that there may be some exaggeration but in the 29 years that I have been connected directly with criminal law this is one of the most depraved, cruel and outrageous offenses that I have ever heard about. * * *"

The reasons stated here were concerning the length of the sentences imposed, not the reasons for imposing consecutive sentences.

■ ■ While it is apparent to us why the court imposed consecutive sentences in this case, the reasons for the sentences stated by the court did not "affirmatively state in the record the reasons for imposition of consecutive sentences for separate offenses arising from the same criminal episode" as required by the Supreme Court in *State v. Garcia,* 288 Or 413, 605 P2d 671 (1980), decided after the sentencing in this case. As noted in *Garcia,* the rationale for consecutive sentences should be addressed by the sentencing judge as a separate issue. Accordingly, we remand this case for resentencing in accordance with *State v. Garcia.*

Sentence set aside. Remanded for resentencing.

**WARDEN, J.,** dissenting.

I do not think that the sweeping language contained in *State v. Garcia,* 288 Or 413, 605 P2d 670 (1980), holding that a trial judge must affirmatively state reasons for imposing consecutive sentences requires remanding this case for resentencing. The trial judge's reasons were obvious. Though succinctly stated, they were adequate.

I would not remand this case for resentencing. I would affirm.