641 P.2d 899

**STATE of Arizona, Appellee,**

v.

**Gary Don WILLIAMS, Appellant.**

**No. 1 CA–CR 4890.**

Court of Appeals of Arizona,
Division 1, Department B.

Jan. 12, 1982.

Rehearing Denied Feb. 18, 1982.

Review Denied March 9, 1982.

Robert K. Corbin, Arizona Atty. Gen. by William J. Schafer, III, Chief Counsel, Cr. Div., and Gerald R. Grant, Asst. Attys. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender by Charles R. Krull, Deputy Public Defender, Phoenix, for appellant.

Gary Don Williams, in pro per.

## OPINION

OGG, Judge.

This is an *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) appeal from sentences of 7½ years imprisonment for attempted armed robbery, a class 3 felony, and 10½ years imprisonment for armed robbery, a class 2 felony. In his opening brief, appellant argues that even though these sentences directly conform to stipulated sentences in the plea agreement, they were unlawfully imposed because they are beyond the presumptive terms provided by statute and no aggravating circumstances were found by the trial court. We agree and conclude that this matter must be remanded for resentencing.

Appellant Williams was originally charged with one count of attempted armed robbery, a class 3 felony, and two counts of armed robbery, class 2 felonies. All were alleged to be dangerous nature felonies subjecting appellant to the enhanced punishment provisions of A.R.S. § 13–604(G).[1] To

---

1. Under this subsection, the sentencing range for a class 3 dangerous nature felony is 5 to 15 years imprisonment and a class 2 dangerous nature felony is 7 to 21 years imprisonment. In

avoid these potential sentences, appellant entered into a plea agreement wherein the allegations of dangerousness and one count of robbery would be dropped. There was a stipulated sentence of 7½ years on the attempted armed robbery charge and 10½ years on the armed robbery charge.

On November 21, 1979, the guilty pleas were accepted. However, when the matter came on for sentencing on January 8, 1980, the trial court advised the parties that, based upon his review of the presentence report, he believed these stipulated sentences were too harsh. He refused to permit the state to withdraw from the plea agreement and sentenced appellant to terms of 3 years 9 months on the attempted robbery charge and 5 years 3 months on the armed robbery charge. The state filed a petition for special action and on May 14, 1980, the Arizona Supreme Court set aside the sentences, holding that the trial court erred in refusing to permit the state to withdraw from the plea agreement. *State v. Superior Court,* 125 Ariz. 575, 611 P.2d 928 (1980). The matter was remanded to the trial court for resentencing.

At the August 7, 1980 resentencing, both the state and appellant expressed their desire to proceed with the plea agreement, including the stipulated sentences. Accordingly, appellant was sentenced to a term of 7½ years imprisonment on the attempted armed robbery conviction and 10½ years imprisonment on the armed robbery conviction. Because the sentences were beyond the presumptive sentences provided in A.R.S. § 13–701, the prosecutor requested the trial court to find aggravating circumstances to support the enhanced punishment under A.R.S. § 13–702. The trial court refused to make these findings, believing that it had no jurisdiction other than to impose the stipulated sentence under the mandate of the supreme court's opinion. There is nothing in the record to indicate he made any attempt to articulate his consideration

of any aggravating or mitigating circumstances or that he had balanced the mitigating circumstances against the aggravating circumstances. *See State v. Poling,* 125 Ariz. 9, 606 P.2d 827 (App.1979).

While there is language in *State v. Superior Court, supra,* which implies that once a plea is accepted, the trial court has no jurisdiction other than to proceed with the stipulated sentence, this language was specifically rejected in *Smith v. Superior Court,* 130 Ariz. 210, 635 P.2d 498 (1981):

There is the suggestion in *State v. Superior Court,* 125 Ariz. 575, 611 P.2d 928 (1980) that the trial judge is bound by the sentence proposed in the plea agreement, but this notion is directly contrary to the plain language in Rule 17.4(d) and (e). We reject the position of petitioner and the language in *State v. Superior Court, supra.* We hold that the provisions of Rule 17.4(d) allow the trial judge to reject the provisions of a plea agreement regarding sentencing even after the plea agreement has been accepted. at page 500.

Thus, the trial court was incorrect in its conclusion that it had no jurisdiction other than to proceed with sentencing pursuant to the stipulated sentences in the plea agreement. When the supreme court ruled that the sentences imposed on January 8, 1980 were a nullity and remanded for sentencing, the case was in the same posture as it was prior to the January 8, 1980 sentencing. While the court had no authority to impose sentences contrary to the plea agreement, it had the option of rejecting the stipulated sentences as inappropriate under Rule 17.4(d) and giving the parties the opportunity to withdraw the plea pursuant to Rule 17.4(e). *See State v. Superior Court, supra,* and *Smith v. Superior Court, supra.* It was not authorized to impose sentences beyond the presumptive terms without making findings of aggravating

neither instance is a defendant eligible for release until he has served two-thirds of the sentence imposed. Thus, as dangerous nature felonies, appellant faced potential sentences of 15 years imprisonment for attempted armed rob-

bery and 21 years imprisonment for armed robbery without possibility of release until two-thirds of the sentences had been served, *i.e.*, 10 years and 14 years respectively.

circumstances and giving reasons in support of those findings even though the sentences were in compliance with a plea agreement. *State v. Mahler*, 128 Ariz. 429, 626 P.2d 593 (1981).

By this decision, we make no comment on the appropriateness of the plea. While the record reflects that aggravating circumstances were present within A.R.S. § 13–702 (the use of a deadly weapon and the presence of an accomplice), whether these factors in combination with other circumstances of the case supported enhanced punishment under the statute is initially a question to be left to the sound discretion of the trial court.

As to the issues presented in appellant's supplemental opening brief, the issues have merely been listed. There is no supporting argument or authority in compliance with Rule 31.13(c)(1)(iv). We have reviewed the issues and find no fundamental error. *State v. Gretzler*, 126 Ariz. 60, 612 P.2d 1023 (1980).

Remanded for sentencing consistent with this opinion.

WILLIAM W. NABOURS, Judge, concurs.

NOTE: The Honorable WILLIAM W. NABOURS was authorized to participate in this case by the Chief Justice of the Arizona Supreme Court pursuant to Ariz.Const. art. VI, § 20.

JACOBSON, Presiding Judge, specially concurring:

I agree that this matter must again be remanded for resentencing. However, in my opinion, this result is only mandated because of the Arizona Supreme Court's decision in *State v. Mahler*, 128 Ariz. 429, 626 P.2d 593 (1981). In *Mahler*, the court stated:

Subsection C [of A.R.S. § 13–702] directs that a lower or upper term other than the presumptive sentence may be imposed *only* if the circumstances in aggravation or mitigation are found to be true by the trial judge, and factual findings and reasons in support of the findings *must* be set forth on the record at the time of sentencing. A plea agreement cannot be substituted for the requirements of the statute. (emphasis in original)

128 Ariz. at 431, 626 P.2d at 595. Obviously here, the trial judge did not comply with this requirement. However, the circumstances of this case highlight the inflexibility and "justice by rote" aspects of this rule. In this case, the trial judge was originally of the opinion that the agreed-upon sentence was too harsh. The Supreme Court, by special action, in essence informed the trial judge that it must either accept the agreed-to sentence or allow the state to withdraw from the plea agreement.

On remand to the same trial judge, both parties agreed to proceed with the plea agreement, including the stipulated sentence which exceeded the presumptive term. Under the "you *must* find aggravating circumstances" rationale of *Mahler*, the trial court was placed in the dilemma of either being intellectually dishonest (he originally being of the opinion that aggravating circumstances did not exist), or rejecting the plea agreement and forcing the parties to a trial which neither desired.

In my opinion, A.R.S. § 13–702 does not require this anomaly. It appears that one of the basic purposes to be served by the legislative presumptive sentencing structure is to assure, as much as possible, equality in sentencing and avoid the social and mental problems associated with disparate sentences under an indeterminate sentencing structure. The statutory requirement that the judge make specific findings if something other than the presumptive term is assessed furthers that "equality in sentencing" goal by requiring the judge to focus in on those aspects of the defendant's case which would set the defendant apart from the norm.

While presumptive sentencing is a benefit both for the public (to assure a minimum punishment) and for the defendant (to avoid arbitrary treatment), both of these interests are represented in the courtroom by the signators to the plea agreement.

The ultimate arbiter of the results of the negotiations of the representatives of these interests is the trial judge who has the power to approve or reject the agreement.

However, once having placed its stamp of approval on the agreement, to require the trial court to further justify that approval where the sentence is other than the presumptive in terms of "mitigation" or "aggravation" under A.R.S. § 13–702(D) and (E) is to ignore the realities of plea negotiations which culminate in agreed-to sentences.

Agreed-to sentences may have no or little relationship to the particular defendant or the circumstances of the crime to which he is pleading guilty. Usually such negotiated sentences are based upon factors unrelated to those listed in A.R.S. § 13–702(D) and (E). From the state's standpoint, such factors might include the unavailability or lack of credibility of a key witness which mitigates in favor of a term less than the presumptive sentence. From the defendant's standpoint, such factors might include the dropping of more serious charges, the pleading to a lesser serious charge or obtaining an agreement on site of incarceration which justify a willingness to accept more than the presumptive term.

In my opinion, a trial court may properly consider these factors in determining the "justness" of a plea agreement containing an agreed-to sentence other than the presumptive term. However, none of these factors are listed in A.R.S. § 13–702(D) (aggravating circumstances) or (E) (mitigating circumstances).

In my opinion, locking prosecutors, defense counsel and trial courts into the straitjacket of A.R.S. § 13–702 when negotiating agreed-to sentences other than the presumptive serves neither the purpose of presumptive sentencing nor the ends of justice.

Except for the dictates of *State v. Mahler, supra,* I would affirm the sentence in this case.