139 Ariz. 196 (1983)
677 P.2d 1304
STATE of Arizona, Appellee,
v.
Robert HOLSTUN, Appellant.
No. 1 CA-CR 6317.
Court of Appeals of Arizona, Division 1, Department A.
October 20, 1983.
Reconsideration Denied December 13, 1983.
Review Denied February 28, 1984.
Robert K. Corbin, Atty. Gen. by William J. Schafer, III, Chief Counsel, Crim. Div., Georgia B. Ellexson, Asst. Attys. Gen., Phoenix, for appellee.
Ross P. Lee, Maricopa County Public Defender by H. Allen Gerhardt, Deputy Public Defender, Phoenix, for appellant.
OPINION
KLEINSCHMIDT, Judge.
The sole issue on this appeal is whether the trial court's failure to comply with *197 A.R.S. § 13-702(C)[1] and articulate on the record the aggravating circumstances which justified imposing a stipulated sentence which exceeded the presumptive term requires a remand for resentencing. We conclude that it does.
The appellant was charged with armed robbery, a class 2 and dangerous felony and, pursuant to a plea agreement, he entered a plea of guilty to a reduced charge of armed robbery, a class 2 nondangerous offense, and agreed to a stipulated sentence of 10 years imprisonment. The stipulated sentence exceeds the statutory presumptive sentence for a class 2 nondangerous felony.
At the time of the sentencing the trial judge imposed the stipulated sentence of 10 years imprisonment. The defendant does not attack the plea agreement or his plea of guilty and our review of the record indicates that the plea of guilty was constitutionally sound. His sole contention is that the trial judge erred in sentencing him to a term of imprisonment in excess of the presumptive term without stating for the record the aggravating circumstances. He relies on State v. Mahler, 128 Ariz. 429, 626 P.2d 593 (1981) and State v. Williams, 131 Ariz. 411, 641 P.2d 899 (App. 1982). It is undisputed that the trial judge did fail to state the reasons for imposing an aggravated sentence and that this violates the dictates of A.R.S. § 13-702(C) and Mahler and Williams. Since the record will support the sentence imposed we have carefully considered whether or not the failure to articulate the aggravating factors can be considered harmless error. We conclude that there are strong policy reasons as to why it cannot.
There is value in requiring every sentencing judge to say why he or she is enhancing or reducing a sentence. Such a practice can bring to light the judge's occasional misapprehension of the facts, it ensures that the judge is not relying on matters that are not properly aggravating or mitigating and it tends to assure that judges will give thought to whether or not each sentence, even a stipulated one, is appropriate. In the case of an aggravated sentence it reaffirms the defendant's individuality while driving home to him the severity of the consequences of his crime. In the case of a mitigated sentence it explains to the community why a convicted person is receiving a lesser sentence than others who violated the same law. In view of the steady stream of persons who are sentenced to prison on a daily basis the requirement that reasons for a sentence be articulated helps ensure that the process does not become purely mechanical.
We are well aware that the 1978 criminal code's circumscription of judicial sentencing discretion increased the prosecutor's ability to extract plea agreements that include stipulated sentences. Nevertheless, the fact that a defendant agrees to a particular sentence does not vitiate the policy considerations for requiring a judge to articulate the reasons for the sentence. So important a function must be performed by a final impartial authority  a judge whose pronouncement of sentence is indispensable to the imposition of any penalty. The judge's sentencing role should never be purely ministerial. The Supreme Court of Oregon recognized as much in State v. Biles, 287 Or. 63, 597 P.2d 808 (1979) when it noted, in a case which is virtually identical with this one, that the statute requiring the judge to articulate his reasons was adopted for purposes other than simply protecting the defendant. It pointed out that it was bound by the legislative mandate requiring the articulation of reasons unless it could say that the statute was absurd. In Biles the state argued that the *198 record disclosed the reasons for the sentence and that the defendant got exactly what he bargained for. The Supreme Court of Oregon turned aside that argument with the observation that the legislature intended the trial court to make an independent determination of an appropriate sentence.
In State v. Williams, supra, the majority opinion stated that a judge is without authority to impose anything but a presumptive sentence without making findings and stating reasons. Taken literally, that would mean that the requirement is jurisdictional and that the doctrine of harmless error cannot be applied to save this sentence. We find no decision which goes that far and we do not think that the requirement is jurisdictional. Indeed, State v. Biles, supra, refers to the failure to articulate reasons as a procedural error. Nevertheless, we do not think that the rule of harmless error should apply to so serious a mistake that can be remedied with relative ease. State v. Scott, 47 Or. App. 791, 615 P.2d 360 (1980) bears on this very point. The majority there recognized that the facts amply supported the sentence imposed but decided that remand was required because the judge had not adequately stated his reasons for imposing consecutive sentences as required by the Oregon statute.
The concurring opinion in Williams, which is critical of the requirement that the judge articulate the reasons for a stipulated aggravated sentence, correctly points out that negotiated sentences may be mitigated or aggravated for a variety of reasons other than those listed in the statute. It observes that the availability or credibility of witnesses and the dismissal of other charges or the place of incarceration may influence plea agreements. It concludes that a rule requiring the articulation of aggravating factors where a sentence is stipulated unnecessarily locks the parties and the judge into a straitjacket. We do not view the provisions of A.R.S. § 13-702, which require the judge to articulate reasons, as being that restrictive. Subsections D(10)[2] and E(5)[3] of that statute give the judge ample room to consider and articulate any factor affecting the aggravation or mitigation of a sentence that he deems appropriate to the ends of justice. The concurring opinion in Williams does not mention these provisions.
Finally, there is yet another reason why this particular case should be remanded for resentencing. As we have already observed the record will certainly support the sentence imposed but we cannot say that the failure to articulate the aggravating factors was harmless. The defendant and an accomplice had robbed a woman at knife point. Based on our review of the record it is fair to say that the accomplice was the more active participant and that the defendant persuaded him to desist from sexually molesting the victim. The presentence report noted that the defendant had an extensive criminal history of property crimes as opposed to crimes against persons. A review of the record leaves no doubt that the trial judge was well aware of all of these circumstances. Nonetheless, at the sentencing the following exchange occurred between the judge and the defendant:
THE DEFENDANT: I understand that my partner, he has taken the same plea bargain, 10 years, and is his hard time or soft time?
THE COURT: I don't remember.

*199 THE DEFENDANT: In other words you're trying us both and giving us both 10 years?
THE COURT: That's true because that's the agreement you signed.
This exchange leaves room for a serious question as to whether the trial judge gave undue emphasis to the plea agreement at the expense of an independent consideration of the aggravating and mitigating factors. We are well aware of the fact that at sentencing defense counsel urged the trial judge to follow the agreement in view of the defendant's record of previous convictions. Nonetheless, we repeat, the judge's sentencing role is never ministerial and the record must disclose articulated reasons for the imposition of anything except a presumptive sentence.
Finally, we realize that in some cases the judge's rejection of a stipulated sentence, either because it is too harsh or too lenient, confronts the parties with a dilemma. If the agreement is not accepted because it is too harsh the defendant may well face an even worse fate. If the prosecution has agreed to a light penalty because its case is weak and the judge rejects it, the prosecution faces the prospect of achieving no conviction at all. Many such dilemmas are no doubt resolved by the moral suasion that inheres in a judge's rejection of a plea agreement or compromise made necessary by practicality or by a combination of both. But even when they are not we repeat that the judge's sentencing role can never be purely ministerial. The rule we adhere to helps ensure that it will not be.
The judgment of conviction is affirmed. It is ordered vacating the sentence imposed and remanding this matter to the trial court for resentencing in accordance with this opinion.
CONTRERAS, J., concurs.
JACOBSON, Chief Judge, dissenting:
I do not disagree with the majority's legal conclusion that the trial judge committed technical error in failing to articulate on the record the reason for a sentence which exceeded the presumptive sentence. This is legislatively mandated and the failure to comply was error. Where I part company with the majority is in its elevation of this type of error to a status not enjoyed even where error of constitutional dimension is involved  that such technical error can never be harmless and even hints that compliance may be jurisdictional.
In essence, is remand for sentencing under the circumstances of this case really necessary? Or, are we merely satisfying our own judicial philosophy as to the proper role of the judiciary in the sentencing process? Under the circumstances of this case, I would find that the error complained of was harmless beyond a reasonable doubt.
The circumstances which lead me to this conclusion, in addition to the facts set forth in the majority opinion, are that at the time the defendant's plea was taken extensive discussion was had with the defendant concerning the agreed to sentence of 10 years. (The thoroughness of the plea taking and personalization of that process to the defendant is a model worthy of emulation by other trial judges.)
It is clear that at the conclusion of the plea taking, the defendant was thoroughly satisfied with all aspects of the plea agreement, including the stipulated sentence. In fact, the defendant personally desired to be sentenced at that time and waived a presentence report. This was objected to by the state and a presentence report was prepared.
At the time of sentencing, the judge indicated that she had read the presentence report which contained a history of criminal activity extending back over the last 16 years, included 3 incarcerations in prison, one probation and 3 incarcerations in jail. The presentence report states:
In considering the sentencing alternatives available to the court, this writer did review the plea agreement and the stipulated sentence of ten years in prison. This writer feels that this offers an appropriate disposition in the cause. The defendant has a history of prior incarceration *200 and criminal involvement which have not been deterred by short-term incarcerations or other penalties. Additionally, because of the potential of harm to the victim, a more significant punishment ought to be imposed.
The presentence report also revealed that the victim (an alleged prostitute) could not be located. Also, between the time the defendant entered his plea and sentencing, the defendant's partner in crime who had originally pled not guilty and who had urged the defendant not to testify, had himself pled guilty and received a ten year sentence.
At the time of sentencing, the defendant's request to withdraw his plea of guilty was heard by the trial judge who carefully explained why she was denying the defendant's request to withdraw the plea. This led to the following exchange between the court, defendant's counsel and the defendant:
THE COURT: Are there comments that you would wish to make in view of the agreement?
MR. EDGAR: I would encourage the Court to follow the agreement, Your Honor.
THE DEFENDANT: Can I say something else?
THE COURT: Surely. Mr. Holstun, are there comments that you would wish to make?
THE DEFENDANT: I understand that my partner, he has taken the same plea bargain, 10 years, and is his hard time or soft time?
THE COURT: I don't remember.
THE DEFENDANT: In other words, you're trying us both and giving us both 10 years?
THE COURT: That's true because that's the agreement you signed.
THE DEFENDANT: That's one reason why I'm going to appeal it, because he's getting 10 years and I'm getting 10 years and it's like saying, well, I did the same thing he did.
MR. EDGAR: If I can interject a point here in assisting the defendant to understand. It's my understanding this partner in this case does not have any serious criminal record. It's also my understanding that the defendant has been sentenced to prison on three different occasions and his record is really the significant part that he entered the plea and the reason for my advice in entering the plea, and that's the reason for similarity in sentences. The other man has no record and this defendant has a substantial record. I don't know if that clarifies it for you. I'm sure I explained it to you before.
THE DEFENDANT: My records, I have looked at it too, and none of my records are dangerous. They are all little petty stuff that don't amount to anything. I have looked at every single one of my charges, three months, one month, and none of them are non-dangerous  I mean, dangerous crimes. Every single time I have been charged with a crime, I have never been given a chance for anything. They always say, throw him in jail. They don't want to give me a chance. They don't want to give me  just give me my five years probation and see what he can do.
I have a wife and a child at home that loves me very much and would like very much for me to come home to them. I have been getting two, three letters a week stating if there's any way possible, if you get any time up there for your crime, could you have it transferred up there, but no, nobody wants to say that, nobody. The only thing you want to do is just throw me in jail.
THE COURT: Mr. Holstun, one thing I do understand and in understanding that, I think it ought to be placed on the record one of the indicia of growing up, being an adult, is to live with the things you've done.
Contrary to the majority opinion that this exchange evidences an undue emphasis by the trial judge on the plea agreement, it is clear, at least to me, that the trial judge had fully considered the matter and was dealing with a defendant who had a severe *201 attack of "buyer's remorse," especially since the victim might not be available to testify. Moreover, defendant's counsel had fully explained on the record the circumstances leading to the aggravated sentence, all of which justified that aggravation.
I need only add that no objection was made to the trial court's failure to articulate aggravating factors. In my opinion, a remand for resentencing would be a waste of time and effort as the transcript in this matter fully supports an aggravated sentence under the factors listed in A.R.S. § 13-702. I would therefore hold that, based upon this record, the technical error complained of is harmless beyond a reasonable doubt. See State v. Lawrence, 123 Ariz. 301, 599 P.2d 754 (1979); Ariz. Const. art. 6, § 27.
NOTES
[1] A.R.S. § 13-702(C) provides:

The upper or lower term imposed pursuant to section 13-604 or subsection A or B of this section may be imposed only if the circumstances alleged to be in aggravation or mitigation of the crime are found to be true by the trial judge upon any evidence or information introduced or submitted to the court prior to sentencing or any evidence previously heard by the judge at the trial, and factual findings and reasons in support of such findings are set forth on the record at the time of sentencing.
[2] § 13-702(D). For the purposes of determining the sentence pursuant to subsections A and B of this section, the court shall consider the following aggravating circumstances:
10. Any other factors which the court may deem appropriate to the ends of justice.
[3] § 13-702(E). For the purposes of determining the sentence pursuant to subsections A and B of this section, the court shall consider the following mitigating circumstances:
5. Any other factors which the court may deem appropriate to the ends of justice. In determining what sentence to impose, the court shall take into account the amount of aggravating circumstances and whether the amount of mitigating circumstances is sufficiently substantial to call for the lesser term.