OPINION
KLEINSCHMIDT, Judge.
The sole issue on this appeal is whether the trial court’s failure to comply with *197 A.R.S. § 13-702(C)[1] and articulate on the record the aggravating circumstances which justified imposing a stipulated sentence which exceeded the presumptive term requires a remand for resentencing. We conclude that it does.
The appellant was charged with armed robbery, a class 2 and dangerous felony and, pursuant to a plea agreement, he entered a plea of guilty to a reduced charge of armed robbery, a class 2 nondangerous offense, and agreed to a stipulated sentence of 10 years imprisonment. The stipulated sentence exceeds the statutory presumptive sentence for a class 2 nondangerous felony.
At the time of the sentencing the trial judge imposed the stipulated sentence of 10 years imprisonment. The defendant does not attack the plea agreement or his plea of guilty and our review of the record indicates that the plea of guilty was constitutionally sound. His sole contention is that the trial judge erred in sentencing him to a term of imprisonment in excess of the presumptive term without stating for the record the aggravating circumstances. He relies on State v. Mahler, 128 Ariz. 429, 626 P.2d 593 (1981) and State v. Williams, 131 Ariz. 411, 641 P.2d 899 (App.1982). It is undisputed that the trial judge did fail to state the reasons for imposing an aggravated sentence and that this violates the dictates of A.R.S. § 13-702(C) and Mahler and Williams. Since the record will support the sentence imposed we have carefully considered whether or not the failure to articulate the aggravating factors can be considered harmless error. We conclude that there are strong policy reasons as to why it cannot.
There is value in requiring every sentencing judge to say why he or she is enhancing or reducing a sentence. Such a practice can bring to light the judge’s occasional misapprehension of the facts, it ensures that the judge is not relying on matters that are not properly aggravating or mitigating and it tends to assure that judges will give thought to whether or not each sentence, even a stipulated one, is appropriate. In the case of an aggravated sentence it reaffirms the defendant’s individuality while driving home to him the severity of the consequences of his crime. In the case of a mitigated sentence it explains to the community why a convicted person is receiving a lesser sentence than others who violated the same law. In view of the steady stream of persons who are sentenced to prison on a daily basis the requirement that reasons for a sentence be articulated helps ensure that the process does not become purely mechanical.
We are well aware that the 1978 criminal code’s circumscription of judicial sentencing discretion increased the prosecutor’s ability to extract plea agreements that include stipulated sentences. Nevertheless, the fact that a defendant agrees to a particular sentence does not vitiate the policy considerations for requiring a judge to articulate the reasons for the sentence. So important a function must be performed by a final impartial authority — a judge whose pronouncement of sentence is indispensable to the imposition of any penalty. The judge’s sentencing role should never be purely ministerial. The Supreme Court of Oregon recognized as much in State v. Biles, 287 Or. 63, 597 P.2d 808 (1979) when it noted, in a case which is virtually identical with this one, that the statute requiring the judge to articulate his reasons was adopted for purposes other than simply protecting the defendant. It pointed out that it was bound by the legislative mandate requiring the articulation of reasons unless it could say that the statute was absurd. In Biles the state argued that the *198 record disclosed the reasons for the sentence and that the defendant got exactly what he bargained for. The Supreme Court of Oregon turned aside that argument with the observation that the legislature intended the trial court to make an independent determination of an appropriate sentence.
In State v. Williams, supra, the majority opinion stated that a judge is without authority to impose anything but a presumptive sentence without making findings and stating reasons. Taken literally, that would mean that the requirement is jurisdictional and that the doctrine of harmless error cannot be applied to save this sentence. We find no decision which goes that far and we do not think that the requirement is jurisdictional. Indeed, State v. Biles, supra, refers to the failure to articulate reasons as a procedural error. Nevertheless, we do not think that the rule of harmless error should apply to so serious a mistake that can be remedied with relative ease. State v. Scott, 47 Or.App. 791, 615 P.2d 360 (1980) bears on this very point. The majority there recognized that the facts amply supported the sentence imposed but decided that remand was required because the judge had not adequately stated his reasons for imposing consecutive sentences as required by the Oregon statute.
The concurring opinion in Williams, which is critical of the requirement that the judge articulate the reasons for a stipulated aggravated sentence, correctly points out that negotiated sentences may be mitigated or aggravated for a variety of reasons other than those listed in the statute. It observes that the availability or credibility of witnesses and the dismissal of other charges or the place of incarceration may influence plea agreements. It concludes that a rule requiring the articulation of aggravating factors where a sentence is stipulated unnecessarily locks the parties and the judge into a straitjacket. We do not view the provisions of A.R.S. § 13-702, which require the judge to articulate reasons, as being that restrictive. Subsections D(10)[2] and E(5)[3] of that statute give the judge ample room to consider and articulate any factor affecting the aggravation or mitigation of a sentence that he deems appropriate to the ends of justice. The concurring opinion in Williams does not mention these provisions.
Finally, there is yet another reason why this particular ease should be remanded for resentencing. As we have already observed the record will certainly support the sentence imposed but we cannot say that the failure to articulate the aggravating factors was harmless. The defendant and an accomplice had robbed a woman at knife point. Based on our review of the record it is fair to say that the accomplice was the more active participant and that the defendant persuaded him to desist from sexually molesting the victim. The presentence report noted that the defendant had an extensive criminal history of property crimes as opposed to crimes against persons. A review of the record leaves no doubt that the trial judge was well aware of all of these circumstances. Nonetheless, at the sentencing the following exchange occurred between the judge and the defendant:
THE DEFENDANT: I understand that my partner, he has taken the same plea bargain, 10 years, and is his hard time or soft time?
THE COURT: I don’t remember.
*199 THE DEFENDANT: In other words you’re trying us both and giving us both 10 years?
THE COURT: That’s true because that’s the agreement you signed.
This exchange leaves room for a serious question as to whether the trial judge gave undue emphasis to the plea agreement at the expense of an independent consideration of the aggravating and mitigating factors. We are well aware of the fact that at sentencing defense counsel urged the trial judge to follow the agreement in view of the defendant’s record of previous convictions. Nonetheless, we repeat, the judge’s sentencing role is never ministerial and the record must disclose articulated reasons for the imposition of anything except a presumptive sentence.
Finally, we realize that in some cases the judge’s rejection of a stipulated sentence, either because it is too harsh or too lenient, confronts the parties with a dilemma. If the agreement is not accepted because it is too harsh the defendant may well face an even worse fate. If the prosecution has agreed to a light penalty because its case is weak and the judge rejects it, the prosecution faces the prospect of achieving no conviction at all. Many such dilemmas are no doubt resolved by the moral suasion that inheres in a judge’s rejection of a plea agreement or compromise made necessary by practicality or by a combination of both. But even when they are not we repeat that the judge’s sentencing role can never be purely ministerial. The rule we adhere to helps ensure that it will not be.
The judgment of conviction is affirmed. It is ordered vacating the sentence imposed and remanding this matter to the trial court for resentencing in accordance with this opinion.
CONTRERAS, J., concurs.

. A.R.S. § 13-702(C) provides:
The upper or lower term imposed pursuant to section 13-604 or subsection A or B of this section may be imposed only if the circumstances alleged to be in aggravation or mitigation of the crime are found to be true by the trial judge upon any evidence or information introduced or submitted to the court prior to sentencing or any evidence previously heard by the judge at the trial, and factual findings and reasons in support of such findings are set forth on the record at the time of sentencing.

. A.R.S. § 13-702(D). For the purposes of determining the sentence pursuant to subsections A and B of this section, the court shall consider the following aggravating circumstances:
10. Any other factors which the court may deem appropriate to the ends of justice.

. A.R.S. § 13-702(E). For the purposes of determining the sentence pursuant to subsections A and B of this section, the court shall consider the following mitigating circumstances:
5. Any other factors which the court may deem appropriate to the ends of justice. In determining what sentence to impose, the court shall take into account the amount of aggravating circumstances and whether the amount of mitigating circumstances is sufficiently substantial to call for the lesser term.