OPINION
KLEINSCHMIDT, Judge.
This case requires us to again comment upon the failure of trial judges to state their reasons for imposing mitigated or aggravated sentences as required by A.R.S. § 13-702(C). The appeal was filed in accordance with Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and State v. Leon, 104 Ariz. 297, 451 P.2d 878 (1969). Appellant was represented at all proceedings below and is represented on this appeal by counsel. Counsel has advised this court that after a diligent search of the entire record, he has been unable to find any reversible error. Counsel for appellant has asked this court to search the record for fundamental error as required by A.R.S. § 13-4035 and State v. Powell, 5 Ariz.App. 51, 423 P.2d 127 (1967). Appellant has been given an opportunity to file a supplemental brief in propria persona, but has not done so.
Pursuant to a plea agreement the appellant entered a plea of guilty in CR-125105 to an offer to sell a narcotic drug over a value of $250, a class 2 felony. The appellant also entered a plea of guilty in CR-134684 to possession of a narcotic drug for sale over $250, a class 2 felony with a prior conviction. The plea agreement provided that the defendant would be sentenced to the presumptive term of seven years imprisonment in CR-125105 and to a term of nine years imprisonment in CR-134684. The presumptive term for a class 2 felony with a prior conviction is 10.5 years. The sentences were to be concurrent.
At the time that the appellant entered the pleas he was completely advised of all of the terms of the plea agreement, was fully advised of all his constitutional rights and he waived them. The record reflects a factual basis for both pleas of guilty and the defendant knowingly waived his presentence report and he was sentenced in accordance with the plea agreement. At the time of the sentencing the trial court said:
No legal cause appearing, the Court finds that no aggravating or mitigating circumstances have been brought to the attention of the Court, but that in regard to CR 134684, pursuant to the terms of the plea agreement, it appears there are some mitigating circumstances whereby the presumptive — imposition of a presumptive sentence of 10.5 years would not be appropriate, but that something more than the mitigated sentence would be appropriate.
This does not comport with the dictates of A.R.S. § 13-702(C), which require a judge in imposing anything other than the presumptive sentence to state the specific reasons for doing so. As we said in State v. Holstun, 139 Ariz. 196, 677 P.2d 1304 (1983), review denied, 6173-PR (filed Feb. 28, 1984), the judge’s role in the sentencing function is never ministerial. It is the clear intent of the statute that before *544 the judge can mitigate a sentence he or she must be conscious of the reasons for doing so and must articulate them. This is true even where the sentence is stipulated to in the plea agreement.
The community has a right to know why a convicted person is receiving a sentence less than that prescribed by the legislature for other persons who have committed the same crime. This is a matter of strong and, in our opinion, wise legislative policy. Trial judges are not free to ignore this policy.
Since the state has not cross-appealed, for reasons of judicial economy and because the competing considerations discussed in the majority and dissenting opinions in State v. Holstun, supra, have only recently been settled, we will not remand this matter for resentencing. Should future experience show that remand is necessary to vindicate the statute we will not hesitate to do so.
One further observation is in order. Here, both counsel apparently believed the mitigated sentence was indicated but they stood by in silence while the judge entered a sentence in contravention of the clear terms of the statute. It would have been better practice had counsel reminded the judge of the need to articulate reasons and acquainted her with the mitigating circumstances that justified the sentence. See State v. Mendiola, 23 Ariz.App. 251, 532 P.2d 193, aff'd, 112 Ariz. 165, 540 P.2d 131 (1975).
We have searched the record for fundamental error. We find no error that disadvantaged the appellant. The judgments of conviction and sentences imposed are affirmed.
HAIRE and OGG, JJ., concur.