732 P.2d 594

.STATE of Arizona, Appellee,

v.

**David BEVER, Appellant.**

**No. 1 CA–CR 9938.**

Court of Appeals of Arizona, Division 1, Department B.

Jan. 20, 1987.

Robert K. Corbin, Atty. Gen. by William J. Schafer III, Chief Counsel, Crim. Div., Mark F. Aceto, Asst. Atty. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender by Carol Carrigan, Deputy Public Defender, Phoenix, for appellant.

KLEINSCHMIDT, Judge.

The question is whether A.R.S. § 13–702(C) requires a trial judge to articulate aggravating circumstances when imposing a stipulated sentence which is greater than the presumptive sentence. We reaffirm that it does, and we remand this case for resentencing.

The appellant was charged with sale of a dangerous drug, a class 2 felony. The state alleged that the offense was committed while the appellant was on probation and further alleged appellant's prior felony convictions for armed robbery and kidnapping. Pursuant to a plea agreement, the appellant pled guilty to a reduced charge of attempted sale of a dangerous drug, a class 3 felony, with one prior conviction committed while on felony probation.

The presumptive sentence for a class 3 felony with a prior conviction is 7.5 years. The presentence report recommended the presumptive term, but the parties stipu-

lated to a sentence of 8.5 years in the plea agreement. The trial court followed the plea and sentenced the appellant to 8.5 years. In doing so, however, the trial judge failed to articulate the aggravating circumstances he relied upon in imposing a sentence greater than the presumptive sentence. Neither appellant nor his counsel objected to the judge's failure to articulate aggravating circumstances.

On appeal, the appellant argues that it was error for the trial judge to impose an aggravated sentence without articulating specific findings of aggravating circumstances. We agree. Arizona Revised Statutes § 13–702(C) requires a judge deviating from the presumptive sentence to set forth reasons supporting the imposed sentence. *State v. Holstun,* 139 Ariz. 196, 677 P.2d 1304 (App.1984).

Because the appellant failed to object to the trial court's procedure at the time of sentencing, the state argues that the appellant waived his right to object on appeal. In *Holstun,* the defendant also failed to object to the court's failure to articulate aggravating circumstances when imposing the stipulated sentence. Nevertheless, we remanded the matter to the trial court for resentencing. The state recognizes the controlling nature of *Holstun* but requests that we reconsider our holding in that case. In requesting reconsideration, the state cites one case in which we affirmed a sentence despite the failure of the court to set forth the reasons supporting a departure from the presumptive sentence. *See State v. Dowd,* 139 Ariz. 542, 679 P.2d 565 (App. 1984). In *Dowd,* however, we listed three factors we considered in not remanding the case for resentencing: (1) the appellant's receipt of a mitigated sentence and the state's failure to cross-appeal; (2) judicial economy; and (3) the recent resolution of the issues resolved by *Holstun. Id.* at 544, 679 P.2d at 567. Of these factors, only the need for judicial economy supports a decision to affirm the trial court's sentencing in the present case. Given the clear terms of A.R.S. § 13–702(C), however, judicial econo-

my is an insufficient basis for us to affirm the decision of the trial court. If we do not insist upon compliance with A.R.S. § 13–702(C) the policy it fosters will be diluted. Consequently, we vacate the sentence imposed and remand this matter for resentencing in accordance with this opinion. The trial court is free to reimpose the same sentence if it finds, *and articulates*, appropriate reasons to do so.

In remanding this case for resentencing, however, we make two observations. First, it is the duty of the prosecutor and defense counsel to remind the judge of the need to articulate reasons supporting a departure from the presumptive sentence. Second, a defendant will usually have an alternative to appeal that is a more direct means of remedying a failure of the judge to articulate aggravating circumstances. Rule 24.3, Arizona Rules of Criminal Procedure, permits the correction of a sentence imposed in an unlawful manner within sixty days of the entry of judgment and sentence. Where A.R.S. § 13–702(C) has not been complied with, it would be the trial court's duty to grant a motion brought under Rule 24.3 and to resentence the defendant. Such a procedure would remedy the trial court's error without the expenditure of resources required by an appeal.

Remanded for Resentencing.

CORCORAN and GREER, JJ., concur.