873 P.2d 641

STATE of Arizona, Appellee,

v.

William Edwards KING, Appellant.

No. 1 CA–CR 92–0702.

Court of Appeals of Arizona, Division 1, Department A.

June 22, 1993.

Review Denied May 17, 1994.

Grant Woods, Atty. Gen. by Paul J. McMurdie, Chief Counsel, Criminal Appeals Section, and Barbara A. Jarrett, Asst. Atty. Gen., Phoenix, for appellee.

Dean W. Trebesch, Maricopa County Public Defender by Paul C. Klapper, Deputy Public Defender, Phoenix, for appellant.

## OPINION

MICHAEL J. O'MELIA, Judge,* Sitting by Designation.

The sole issue in this appeal is whether the trial court failed to comply with Ariz.Rev. Stat.Ann. ("A.R.S.") § 13–702(C) when it articulated as an aggravating circumstance a stipulated sentence in the plea agreement.

### FACTS

In March 1992, defendant pled guilty to manslaughter, a class 3 nondangerous felony. He agreed to a stipulated sentence of ten years in prison. The stipulated sentence exceeds the statutory presumptive sentence for a class 3 nondangerous felony.

■ At the sentencing hearing the trial judge articulated the following aggravating and mitigating circumstances:

I do find the following mitigating circumstances: Your youthful age and the fact that you have no prior felony convictions. The aggravating factors are the stipulation in the plea agreement, the injury to another person not the victim of the manslaughter in Count I, and also the emotional and financial harm caused to the [victim's] family.

The trial judge then imposed the stipulated sentence of ten years in prison.

### DISCUSSION

Defendant argues that the trial judge gave undue emphasis to the plea agreement at the expense of independent consideration of the aggravating and mitigating factors. He contends that the fact that he agreed to a particular sentence in the plea agreement should not vitiate the policy considerations of A.R.S. § 13–702(C) that require a judge to articulate the reasons for the sentence.

A.R.S. § 13–702(C) provides:

The upper or lower term imposed pursuant to section 13–604 or 13–710 or subsection A or B of this section may be imposed only if the circumstances alleged to be in aggravation or mitigation of the crime are found to be true by the trial judge upon any evidence or information introduced or submitted to the court prior to sentencing or any evidence previously heard by the judge at the trial, and factual findings and reasons in support of such findings are set forth on the record at the time of sentencing.

■ Defendant cites to State v. Bever, 152 Ariz. 364, 732 P.2d 594 (App.1987), and State v. Holstun, 139 Ariz. 196, 677 P.2d 1304 (App.1983), for the proposition that failure to articulate reasons for imposing a sentence greater than the presumptive is not harmless error. Although we agree with the proposition set forth in those two cases, we find that it does not apply because the facts of this case are distinguishable.

■ In both Bever and Holstun, the trial judge imposed sentences that were stipulated in the plea agreement and that were in excess of the presumptive term. Bever, 152 Ariz. at 365, 732 P.2d at 595; Holstun, 139 Ariz. at 197, 677 P.2d at 1305. The difference is that in those cases the trial judge failed to articulate any reasons for imposing a sentence above the presumptive. Id. Here, the trial judge clearly articulated the reasons for imposing an aggravated sentence. The fact that he stated that the stipulation in the plea agreement was one of the aggravating factors does not alter our conclusion. While a stipulated sentence is not an aggravating factor, whenever the parties stipulate to a sentence the judge must necessarily take that fact into account in passing sentence.

---

* The Honorable Michael J. O'Melia, Maricopa County Superior Court Judge, was authorized to participate in the disposition of this matter by the Chief Justice of the Arizona Supreme Court pursuant to article 6, section 3 of the Arizona Constitution.

What occurred here appears to be a case of inartful expression, rather than the improper use of an aggravating factor. What the trial judge should have said was:

> I am considering the fact that you have entered into a stipulated sentence. I believe the stipulation is appropriate because I find that the following aggravating factors exist: the injury to another person not the victim of the manslaughter in Count I, and also the emotional and financial harm caused to the Harris family.

We assume that this trial judge, well experienced in criminal matters, knows how to reject a stipulated sentence which he believes is too harsh. Since he articulated both mitigating and aggravating factors and did not reject the stipulated sentence, it seems clear to us, under all the factors which he was required to take into account, that he believed the sentence was appropriate. If we were to remand this case for resentencing and tell the judge that a stipulation for a particular sentence is not an aggravating factor, but is nonetheless something he must consider in passing sentence, surely the judge would not reduce the sentence imposed. *See State v. Ojeda*, 159 Ariz. 560, 769 P.2d 1006 (1989) (remand unnecessary where record clearly shows the trial court would have reached the same result even without consideration of the improper factors).

For the foregoing reasons, defendant's conviction and sentence are affirmed.

KLEINSCHMIDT, J., concurs.

LANKFORD, Judge, dissenting.

I respectfully dissent. The issue is whether the superior court violated A.R.S. section 13–702(D) by relying on an improper factor in imposing an aggravated sentence. The superior court stated that it relied in part on a stipulation regarding the sentence as justifying a greater punishment than the statutory presumptive sentence. However, a stipulation between the prosecutor and defendant is not a proper aggravating factor under A.R.S. section 13–702(D). This matter therefore should be remanded for resentencing.

The sentencing stipulation is part of a plea agreement in which defendant agreed to plead guilty to manslaughter and the state agreed to dismiss the other charges. The parties stipulated to a ten year prison sentence, the maximum sentence allowed by law for manslaughter.[2]

At sentencing, the superior court followed the stipulation and imposed the maximum term of ten years. In doing so, the judge specifically stated that he relied on the sentencing stipulation as a factor in increasing the punishment.

In my opinion, a trial judge may not increase a sentence based on an agreement about sentencing between the prosecution and the defense. The Arizona Legislature assigned the duty to fashion an appropriate sentence to the trial judge, not to the parties. *See* A.R.S. § 13–702. A judge cannot discharge his statutory duty by relying on an agreement between the interested parties.

Arizona has a carefully crafted sentencing scheme. Our Legislature has instructed judges to consider specific, enumerated circumstances in determining punishment. A.R.S. § 13–702(D). These factors include the infliction of serious physical injury, the cruel or depraved manner in which the crime was committed, the harm to the victim, the age of defendant, and the degree of defendant's participation in the crime. *Id.*

A sentencing stipulation between the state and the defendant is not one of the statutory factors. Nor is such an agreement the product of the judge's independent, unbiased consideration of statutorily prescribed circumstances as the statute contemplates; a sentencing agreement is instead the result of bargaining between the parties.

The parties' bargain has no place in the sentencing process. In *State v. Romero*, 173 Ariz. 242, 244, 841 P.2d 1050, 1052 (App. Nov. 19, 1992), we condemned the use of a presentence report as an aggravating factor in sentencing because it did not comport with the statutory scheme:

2. Manslaughter carries a presumptive sentence of 5 years, a minimum sentence of 3.75 years and

a maximum of 10 years. A.R.S. §§ 13–1103(B), 13–701(C)(2), 13–702(B).

[A]s we noted in *State v. Lask,* 135 Ariz. 612, 663 P.2d 604 (App.1983), a sentencing recommendation is not an aggravating factor. . . . The language of the statute supports our conclusion. A trial judge should determine whether any of the aggravating factors listed in A.R.S. § 13–702(D) may be present in a given case. Then the judge must determine whether those factors are true. All of the factors mentioned in the statute relate to something about the background or character of the defendant or the circumstances surrounding the commission of the crime. A recommendation of a presentence investigator is merely an opinion—not something that calls for a determination of its truth. Nor is it a characteristic of the defendant or the crime.

*Id.* Similarly, a sentence stipulation in a plea agreement is not a circumstance listed in the statute, is not a characteristic of the defendant or of the crime, and is not something that calls for a determination of its truth. In the language of the statute, it does not serve the "ends of justice" for the court to consider a sentencing bargain as an aggravating factor. A.R.S. § 13–702(D)(13).

That the trial judge did not rely *solely* on the sentencing stipulation in this case does not mean that no harm was done. The judge clearly stated that he considered the stipulation as one of several factors, some aggravating in nature and some mitigating, which determined the length of the sentence:

I have determined, Mr. King, to accept this stipulated sentence as appropriate here under the facts of this case.

I do find the following mitigating circumstances: Your youthful age and the fact that you have no prior felony convictions. *The aggravating factors are the stipulation in the plea agreement,* the injury to another person not the victim of the manslaughter in count I, and also the emotional and financial harm caused to the Harris Family.

It's the court's determination that *the aggravating circumstances outweigh the mitigating circumstances.* It's therefore the judgment and sentence of the court that you be imprisoned in the department of corrections for the aggravated term that you stipulated to in your plea agreement of 10 years.

(Emphasis added).

The trial judge thus weighed the stipulation with aggravating and mitigating circumstances to arrive at a sentence. This balancing process is precisely what the Legislature prescribed: "In determining what sentence to impose, the court shall take into account the amount of aggravating circumstances and whether the amount of mitigating circumstances is sufficiently substantial to call for the lesser term." A.R.S. § 13–702(E).

The difficulty is that we do not know whether the stipulation tipped the scales in favor of a harsher sentence. Thus, we do not know whether the judge would have imposed the same maximum term of ten years imprisonment had he considered only the two proper aggravating circumstances and balanced them against the two mitigating circumstances.

Our prior decisions require resentencing in this situation. If the stipulation could have affected the judge's determination that aggravating factors outweighed mitigating ones, then the procedure was fatally flawed. It is settled that when a sentencing judge relies on an inappropriate factor and we cannot be certain that the judge would have imposed the same sentence absent that factor, the case *must* be remanded for resentencing. *State v. Just,* 138 Ariz. 534, 551, 675 P.2d 1353, 1360 (App.1983); *see State v. Ojeda,* 159 Ariz. 560, 561, 769 P.2d 1006, 1007 (1989) (dictum, but applying the same principle in revocation of probation proceedings and reversing because reliance on a single improper finding requires redetermination of whether probation should be revoked); *cf. State v. Thurlow,* 148 Ariz. 16, 20, 712 P.2d 929, 933 (1986) (resentencing required when record unclear whether judge considered a proper mitigating factor).

We also ordered resentencing in *State v. Lask,* 135 Ariz. 612, 615, 663 P.2d 604, 607 (App.1983). Although the trial judge in that case had mentioned not only the recommendations of the prosecutor and the police, but also "nature of the violation," we required

resentencing because the recommendations were not proper aggravating factors. Finally, in *State v. Holstun*, 139 Ariz. 196, 199, 677 P.2d 1304, 1307 (App.1983), we required resentencing when we had "a serious question as to whether the trial judge gave undue emphasis to the plea agreement at the expense of an independent consideration of the aggravating and mitigating factors." The trial judge therefore should be required to resentence the defendant considering only lawful aggravating factors.

The majority opinion concedes that "the stipulation is not [a proper] aggravating factor," but dismisses the error as an inconsequential "inartful expression." (Opinion at 304, 873 P.2d at 642). I respectfully disagree. The mischief in a judge's reliance on a plea agreement is that it substitutes the parties' negotiations for the judge's independent consideration of the statutory sentencing factors. The legislative mandate that judges should sentence by considering the circumstances set forth in the statute serves the "ends of justice," A.R.S. section 13–702(D)(13), and should not be taken lightly. Underlying the sentencing statute are important principles: the judge makes the sentencing decision; in arriving at a just sentence the judge should consider certain circumstances regarding the defendant and the crime; the judge should choose the appropriate sentence by weighing the aggravating and mitigating circumstances.

These legislative purposes will be subverted if we allow a sentencing stipulation to play a determinative role. Judges reduce or eliminate their legislatively assigned role in sentencing when they give weight to a stipulation in fixing sentence.[3] Some observers argue that even the existence of a sentencing stipulation injures the credibility of the crim-

inal justice system.[4] In sum, I cannot agree with the majority that express reliance on the sentence stipulation is an insignificant matter.

This court recognized the danger of undermining judges' legislatively mandated sentencing role in *State v. Holstun*, 139 Ariz. 196, 677 P.2d 1304 (App.1983). In that case, the trial judge sentenced the defendant to an aggravated, stipulated sentence without stating any reasons for exceeding the statutorily presumptive punishment. "[T]he fact that a defendant agrees to a particular sentence," this court said, "does not vitiate the policy considerations for requiring a judge to articulate the reasons for the sentence. So important a function must be performed by a final important authority—a judge whose pronouncement of sentence is indispensable to the imposition of any penalty. The judge's sentencing role should *never* be purely ministerial." 139 Ariz. at 197, 677 P.2d at 1305. In fact, this court repeated three times that the trial judge's role is *"never* ministerial" (emphasis original each time) and concluded: "The rule we adhere to [in this case] helps ensure that it will not be [ministerial]." 139 Ariz. at 199, 677 P.2d at 1307. The same evil so emphatically condemned in *Holstun*—that a trial judge yields too much independent judgment by relying on the parties' stipulation—is present here. The simple and salutary solution is to forbid the judge from increasing or decreasing sentences based on stipulations.

Indeed, it seems curiously inconsistent to insist, as we did in *Holstun* and in *State v. Bever*, 152 Ariz. 364, 732 P.2d 594 (App.1987), that trial judges articulate sentencing factors on pain of reversal and yet, as the majority does here, affirm the trial judge who articu-

---

**3.** Such reliance surrenders all or part of a judge's independent sentencing discretion to private bargaining, and places the bargain on the sentencing scale to be weighed along with the legislatively enumerated factors. "The disparity between optimum punishment and the negotiated punishment is the inevitable result of allowing advocates to treat as a largely private agenda that which should be the responsibility of the only neutral representative of the community, the constitutional judge." B. Michael Dann, Arizona's Criminal Justice System: Part of the Solu-

tion, Part of the Problem or Both? 29 Ariz. Attorney 12, 15 (Oct.1992).

**4.** "Like plea bargaining generally, stipulated sentencing invites the manipulation of the process by counsel and the defendant, the latter concluding that he has power to influence the sentence and thereby control the outcome. These practices and expectations are far from healthy. Among other things they contribute to feelings of cynicism and denial, hardly fertile soil for future positive change." Dann, *supra* n. 3.

lates a clearly improper factor. A basic reason for requiring articulated factors is to ensure that no improper factors are used:

> There is value in requiring every sentencing judge to say why he or she is enhancing or reducing a sentence.... [I]t ensures that *the judge is not relying on matters that are not properly aggravating* or mitigating and it tends to assure that judges will give thought to whether or not each sentence, even a stipulated one, is appropriate.

*Holstun*, 139 Ariz. at 197, 677 P.2d at 1305 (emphasis added).

Nor can I agree with the majority's assertion that the trial judge did not aggravate defendant's sentence because of the stipulation. The plain words spoken at sentencing clearly indicate just the opposite. The judge included the stipulation as one of the aggravating factors, saying "The aggravating factors [include] the stipulation in the plea agreement ..." He then found that the total weight of all three aggravating factors outweighed the significance of the two mitigating circumstances. He imposed a higher sentence for that very reason. The stipulated sentence played an explicit, important and perhaps dispositive role in the sentencing decision.[5] The majority's holding that the stipulation was not relied upon by the trial judge appears to be a matter of faith rather than a fact borne out by the record.

Because I believe it was error to rely on an improper factor in sentencing, I would require the trial court to resentence the defendant using only lawful aggravating and mitigating circumstances.

---

5. This case thus differs markedly from one in which the judge was merely aware of the stipulation. While trial judges are necessarily aware of a sentencing stipulation, that knowledge is not the problem here. The issue is whether a judge may employ that knowledge to increase the punishment from that which the judge would otherwise have imposed. The problem is thus how the judge uses the information, not whether the judge possesses the information.