626 P.2d 593

STATE of Arizona, Appellee,

v.

Michael James MAHLER, Appellant.

No. 5103.

Supreme Court of Arizona,
In Banc.

March 17, 1981.

Robert K. Corbin, Atty. Gen. by William J. Schafer, III, Gerald R. Grant, Asst. Atty. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender by J. D. Howe, Deputy Public Defender, Phoenix, for appellant.

HOLOHAN, Vice Chief Justice.

This is an appeal from a conviction after a plea of guilty. We assumed jurisdiction pursuant to Rule 47(e)(5), Rules of the Supreme Court.

Appellant was charged by indictment with three counts of sale of narcotic drugs. Pursuant to a plea agreement appellant pled guilty to one count of possession of a narcotic drug with a prior conviction and all other charges were dismissed. The plea agreement also provided that appellant would be sentenced to eight years imprisonment.

Appellant raises two issues by this appeal:

1. Should the time appellant spent in custody in Nevada on the Arizona warrant be credited against his sentence?

2. Did the trial court err in imposing the maximum sentence without making specific findings of fact in regard to aggravation?

The facts necessary for a determination of this appeal are that on June 13, 1979, the appellant was indicted in three counts charging the unlawful sale of narcotics. On June 28, 1979, appellant was arrested in Nevada as a fugitive from justice. On July 11, 1979, he waived extradition, and he was returned to Arizona for prosecution on the above mentioned indictment.

In sentencing the appellant, the trial court gave him credit, pursuant to A.R.S. § 13–709(B), for 227 days spent in custody prior to sentencing. The appellant claims that he should have been given credit for 258 days. It is his position that the time he was held in custody in Nevada should be credited to him.

The statute dealing with sentencing credits reads: *"All time actually spent in custody pursuant to an offense until the prisoner is sentenced to imprisonment for such offense shall be credited against the term of imprisonment . . . ."* A.R.S. § 13–709(B) (emphasis supplied). This statutory wording should be given its ordinary meaning where possible. *State v. Carter,* 123 Ariz. 524, 525, 601 P.2d 287, 288 (1979); *Arizona Department of Revenue v. Cypress-Bagdad Copper Co.,* 122 Ariz. 505, 507, 596 P.2d 31, 33 (1979). The statute's language clearly refers to "all time" spent in custody pursuant to an offense. The statute makes no distinction between out-of-state and in-state custody, and we see no reason to change the plain meaning of A.R.S. § 13–709(B) by reading into it an exception for the time a prisoner has spent in the custody of another state pursuant to an arrest for an Arizona offense. *Cf. Walsh v. State ex rel. Eyman,* 104 Ariz. 202, 450 P.2d 392 (1969) (statutory allowance of credit for "good conduct time" construed to include time spent in another state prison under concurrent sentence.)

The appellant claims that his arrest occurred on June 17, 1979, but the record does not support his contention. The record shows that the appellant was arrested in Nevada on the fugitive warrant on June 28, 1979. The appellant should be given an additional credit of 20 days.

The appellant next argues that the trial judge should have made specific findings of fact as to aggravation because he imposed the maximum sentence for the crime charged. Appellant notes that A.R.S. § 13–702(C) requires that the trial judge set forth on the record the factual findings and reasons in support of any sentence above or below the presumptive sentence.

The state contends that there was substantial compliance with the requirements of the sentencing statute, or that, in any event, the appellant cannot complain because he agreed to the sentence.

It is true that the appellant and the state agreed to a sentence in this case, but such agreement is of course subject to the approval of the trial court. Rule 17.4(d), Rules of Criminal Procedure, 17 A.R.S. More importantly, however, the sentencing statute, A.R.S. § 13–702, places certain obligations on the sentencing judge. Sub-section C directs that a lower or upper term other than the presumptive sentence may be imposed *only* if the circumstances in aggravation or mitigation are found to be true by the trial judge, and factual findings and reasons in support of the findings *must* be set forth on the record at the time of sentencing. A plea agreement cannot be substituted for the requirements of the statute.

In *State v. Tresize*, 127 Ariz. 571, 623 P.2d 1 (1980), this court approved, as being in substantial compliance with the sentencing statute, a statement by the trial judge that he had considered in aggravation the fact that the defendant had five prior convictions. The Court of Appeals rejected, as not being in substantial compliance with the statute, a statement by the trial judge that the reasons for the sentence could be found in the presentence investigation report. *State v. Rodriguez*, 126 Ariz. 104, 612 P.2d 1067 (App.1980). In *State v. Poling*, 125 Ariz. 9, 606 P.2d 827 (App.1979) the Court of Appeals found substantial compliance with the statute from reviewing the remarks of the sentencing judge at the time of sentencing. In *Poling*, the Court of Appeals urged trial judges to state in the precise terms of the statute specific findings of circumstances in aggravation or mitigation. In this case the trial judge did not follow the better practice outlined in *Poling*. Nevertheless, a review of the record shows that the trial judge pointed out to the appellant the reasons which led him to agree to impose the sentence set forth in the Plea Agreement. We conclude that there was substantial compliance with the sentencing statute.

 We must add our voice to that of the Court of Appeals in urging that trial judges make specific findings of the aggravating or mitigating factors which form the basis for a sentence greater or lesser than the presumptive sentence. It must also be added that the prosecutor has an obligation to see to it that the record shows compliance with A.R.S. § 13–702(C).

Pursuant to the authority granted this court by A.R.S. §§ 13–4036 and 13–4037, the judgment of conviction is affirmed, but the sentence imposed is modified to give the appellant 247 days credit against the term of imprisonment imposed in this case.

STRUCKMEYER, C. J., and HAYS, CAMERON and GORDON, JJ.