653 P.2d 26

The STATE of Arizona, Appellee,

v.

Timothy HORRISBERGER, aka Timothy Micheals, Appellant.

Nos. 2 CA–CR 2400, 2 CA–CR 2562–2PR.

Court of Appeals of Arizona, Division 2.

June 9, 1982.

Rehearing Denied Sept. 8, 1982.

Review Denied Oct. 5, 1982.

Robert K. Corbin, Atty. Gen. by Bruce M. Ferg, Tucson, for appellee.

Frederic J. Dardis, Pima County Public Defender by Lawrence H. Fleischman, Tucson, for appellant.

## OPINION

HATHAWAY, Judge.

Appellant's appeal, which has been consolidated with his Rule 32 petition, challenges the denial of credit for time spent in an out-of-state jail awaiting extradition to Arizona. There is no error.

On November 4, 1980, appellant pled guilty to attempted third-degree burglary. On November 13, appellant was reported missing and a bench warrant issued. On November 18, he was arrested in Ohio for an alleged offense there and the Arizona authorities placed a hold on him. Three days later, he was extradited to Georgia for charges there, where a bond was established. Arizona again placed a hold on him, preventing his release even assuming he could have made the Georgia bond. On April 15, the Georgia charges were dismissed and appellant was transported from Georgia, arriving in Arizona on April 22, 1981. Appellant argues that a period of 155 days, from November 18, 1980, to April 22, 1981, in which appellant remained in out-of-state custody pursuant to an Arizona hold, should be credited against his sentence. On June 2, 1981, he was sentenced to an aggravated term of 1.875 years, with credit for 52 days of presentence incarceration prior to his change of plea. Appellant requested that the trial court grant him credit for his presentence incarceration in Ohio and Georgia, but the court refused, due to the fact that he had absconded.

The trial court did give appellant credit for seven days between April 15 and April 22, 1981, but refused to give any credit for the time the Ohio and Georgia charges were in effect. The Arizona hold was irrelevant to the time in Georgia and Ohio custody. The Arizona hold never came into play because appellant was not able to satisfy the conditions for any other release that had been placed on him. There is no showing, therefore, that his custody was time spent "pursuant to" his Arizona offense under A.R.S. § 13–709(B), and there is no reason to credit him with the time. *State v. Mahler*, 128 Ariz. 429, 626 P.2d 593 (1981), is inapposite since no local charges were involved in that case and all time in custody out of state was because of the Arizona fugitive warrant.

We have reviewed the entire record before us for fundamental error and have found none. Appellant's petition for post-conviction relief is denied. However, as to the sentence imposed, we note that the sentence should have been for commitment to the custody of the Arizona Department of Corrections for imprisonment. As modified, appellant's sentence is affirmed.

HOWARD, C.J., and BIRDSALL, J., concur.