IN THE

# ARIZONA COURT OF APPEALS
DIVISION TWO

_____

THE STATE OF ARIZONA,
*Appellee*,

*v.*

DAVID SOTO CECENA,
*Appellant*.

No. 2 CA-CR 2013-0368
Filed September 25, 2014

_____

Appeal from the Superior Court in Pima County
No. CR20082701
The Honorable Deborah Bernini, Judge

**REMANDED**

_____

COUNSEL

Thomas C. Horne, Arizona Attorney General
Joseph T. Maziarz, Section Chief Counsel, Phoenix
By Joseph L. Parkhurst, Assistant Attorney General, Tucson
*Counsel for Appellee*

Harriette P. Levitt, Tucson
*Counsel for Appellant*

―――――――――――――――

**OPINION**

―――――――――――――――

Presiding Judge Miller authored the opinion of the Court, in which Chief Judge Eckerstrom and Judge Espinosa concurred.

―――――――――――――――

M I L L E R, Presiding Judge:

¶1        David Cecena was convicted after a jury trial of one count of continuous sexual abuse of a minor and sentenced to twenty years' imprisonment.  On appeal, he argues the trial court erred in refusing to grant him credit for time served during his presentence incarceration in Mexico pursuant to A.R.S. § 13-712(B).  For reasons set forth below, we remand this case for further fact finding as to whether his incarceration in Mexico was pursuant to the Arizona charge.

**Factual and Procedural Background**

¶2        We limit our overview to the facts relevant to Cecena's claimed error regarding presentence incarceration credit.  On July 7, 2008, Cecena was arrested and later charged with one count of continuous sexual abuse of a child.  He was held in the Pima County jail awaiting trial until March 30, 2009, when he was released on bond.  He apparently returned shortly thereafter to his native Mexico.

¶3        In September 2010, Cecena failed to appear for trial; he was convicted in absentia, and the trial court issued a bench warrant for his arrest.  He was extradited from Mexico to the United States on May 31, 2013, and was booked at the Pima County jail that day.

¶4        Cecena was sentenced on August 12, 2013.  He claimed in the presentence report that he had been apprehended in Mexico on July 13, 2012, and remained in custody there until he was extradited.  At the sentencing hearing, he requested credit for the

time he had served both in the United States and in Mexico, claiming a total of 662 days. The trial court denied this request, sentencing Cecena to the presumptive term of twenty years and granting 340 days[1] of presentence incarceration credit, representing only the time served in the United States. Cecena timely appealed.

**Discussion**

**¶5** Cecena's sole argument is that the trial court improperly denied his request for presentence incarceration credit under A.R.S. § 13-712(B) for time spent incarcerated in Mexico. He maintains the statute requires credit for all presentence incarceration pursuant to an Arizona offense, even if served in a foreign nation.

**¶6** We review interpretation of statutes de novo. *Ariz. Citizens Clean Elections Comm'n v. Brain*, 234 Ariz. 322, ¶ 11, 322 P.3d 139, 142 (2014). "[T]he best and most reliable index of a statute's meaning is its language," *State v. Hansen*, 215 Ariz. 287, ¶ 7, 160 P.3d 166, 168 (2007), and if that language is clear, then "'we rely on the plain language rather than utilizing other ways of interpreting the statute.'" *Cornerstone Hosp. of Se. Ariz., LLC v. Marner ex rel. Cnty. of Pima*, 231 Ariz. 67, ¶ 11, 290 P.3d 460, 465 (App. 2012), *quoting Lo v. Lee*, 231 Ariz. 531, ¶ 8, 298 P.3d 220, 222 (App. 2012).

---

[1] The sentencing minute entry prescribes 340 days of presentence credit, but at the sentencing hearing, the judge quoted a figure of 343 days. Cecena served 267 days from his initial booking on July 7, 2008, until he posted bond on March 30, 2009. He served an additional 73 days from his extradition on May 31, 2013, to the date of his sentencing, August 12, 2013. The correct amount of presentence credit for time spent in the United States therefore is 340 days. *See State v. Provenzino*, 221 Ariz. 364, ¶¶ 25-26, 212 P.3d 56, 62 (App. 2009) (discrepancy between oral pronouncement of sentence and minute entry may be resolved by reference to the record showing dispositive evidence of trial court's intent); *State v. Lopez*, 230 Ariz. 15, n.2, 279 P.3d 640, 643 n.2 (App. 2012) ("When we can ascertain the trial court's intent from the record, we need not remand for clarification.").

¶7        Section 13-712(B), provides: "All time actually spent in custody pursuant to an offense until the prisoner is sentenced to imprisonment for such offense shall be credited against the term of imprisonment otherwise provided for by this chapter." In *State v. Mahler*, our supreme court granted a defendant credit for time served in Nevada pursuant to his Arizona offense. 128 Ariz. 429, 430, 626 P.2d 593, 594 (1981). The court reasoned that as a matter of plain language, the presentence credit statute[2] referred to "[a]ll time" spent in custody pursuant to an Arizona offense, making no distinction between custody in Arizona or in another jurisdiction. *Id.* However, this court later clarified that presentence incarceration credit is unavailable for time served based on a charge other than that for which the defendant is being sentenced, because such incarceration is not "pursuant to" the relevant offense. *State v. Horrisberger*, 133 Ariz. 569, 570, 653 P.2d 26, 27 (App. 1982).

¶8        No Arizona case has determined whether § 13-712(B) applies to presentence incarceration in another country. Although the prosecutor argued in the trial court that foreign incarceration never provides pretrial credit, on appeal the state now concedes that it does. We agree. Just as the plain language of § 13-712(B) makes no distinction between in-state and out-of-state custody, *Mahler*, 128 Ariz. at 430, 626 P.2d at 594, neither does it distinguish between domestic and foreign custody. As long as the foreign incarceration is pursuant to the Arizona charge for which he or she is being sentenced, a defendant should be entitled to credit for presentence incarceration in another country just as for such incarceration in another state. A.R.S. § 13-712(B); *see also State v. Hemphill*, 917 A.2d 247, 249-50 (N.J. Super. Ct. App. Div. 2007) (interpreting analogous New Jersey statute to allow credit for detention in Scotland if solely because of New Jersey charge, and remanding for further fact finding on that issue); *Ex parte Rodriguez*, 195 S.W.3d 700, 703-04

---

[2]The court in *Mahler* construed former A.R.S. § 13-709(B), which was later renumbered as A.R.S. 13-712(B). *See* 128 Ariz. at 430, 626 P.2d at 594; 2008 Ariz. Sess. Laws, ch. 301, § 27(B). The relevant language is identical.

(Tex. Crim. App. 2006) (granting presentence incarceration credit for Mexico detention on Texas charge).

**¶9** Resolving this statutory interpretation question does not end our inquiry, however, because we must determine whether Cecena's incarceration in Mexico was "pursuant to" his Arizona charge within the meaning of § 13-712(B). *See Horrisberger*, 133 Ariz. at 570, 653 P.2d at 27 (no Arizona credit for presentence incarceration on out-of-state charges); *State v. Lalonde*, 156 Ariz. 318, 320, 751 P.2d 978, 980 (App. 1987) (same).

**¶10** It is the defendant's burden at sentencing to demonstrate entitlement to presentence incarceration credit.[3] *See People v. Shabazz*, 132 Cal. Rptr. 2d 708, 709 (Cal. Ct. App. 2003); *accord State v. Coe*, 554 A.2d 656, 659 (Vt. 1988) (defendant seeking presentence credit, "bears the burden" of showing home state charge was sole basis for sister state incarceration); *Kitzke v. State*, 84 P.3d 950, 951-53 (Wyo. 2004) (defendant failed to carry his burden of proof on presentence credit). Indeed, in Arizona, the defendant has the obligation to object to the presentence report, which includes a calculation of presentence incarceration credit. *See* Ariz. R. Crim. P. 26.8(a). To meet this burden, a defendant must show that the Arizona charge was a "'but for' cause" of his or her out-of-state presentence incarceration. *See People v. Bruner*, 892 P.2d 1277, 1286-87 & n. 11 (Cal. 1995).

**¶11** The state argues for the first time on appeal that Cecena failed to meet his burden of proving entitlement to time served because he did not show he was confined by Mexican authorities as a result of a formal hold or detainer, citing a Texas case, *Fernandez v. State*, 775 S.W.2d 787 (Tex. App. 1989). But more recent Texas cases indicate that a defendant may demonstrate by some other means that his presentence incarceration was pursuant to the state cause.

---

[3]That being said, the prosecutor has an ethical duty to timely disclose to the defense all evidence or unprivileged information he or she knows that tends to demonstrate the defendant is entitled to presentence incarceration credit. *See* ER 3.8(d), Ariz. R. Prof'l Conduct, Ariz. R. Sup. Ct. 42.

*See Ex parte Rodriguez*, 195 S.W.3d 700, 703 (Tex. Crim. App. 2006) (letter from United States Department of Justice regarding Mexico incarceration sufficient); *cf. Hannington v. State*, 832 S.W.2d 355, 356 (Tex. Crim. App. 1992) (regarding in-state incarceration, "existence of a detainer is merely one means of establishing incarceration on a particular cause"). This strikes us as the better course. As with other sentencing issues, such as introduction of mitigating factors, entitlement to presentence incarceration credit can be demonstrated by less formal means, as deemed appropriate by the trial court. *See* Ariz. R. Crim. P. 26.7(b) ("any reliable, relevant evidence, including hearsay," may be introduced at pre-sentence hearing); *see also State v. Marquez*, 127 Ariz. 3, 6, 617 P.2d 787, 790 (App. 1980) (same).

¶12 The state next maintains, again for the first time on appeal, that even if we do not follow *Fernandez*, Cecena nevertheless failed to prove that his custody in Mexico was pursuant to the bench warrant issued after his trial in absentia.[4] The state thus asks us to affirm the sentence. In the alternative, the state proposes that we remand this case for further fact finding on the issue of whether Cecena was confined in Mexico pursuant to the Arizona charge, citing *Hemphill*, 917 A.2d at 250.

¶13 At the sentencing hearing, Cecena's attorney asserted that Cecena had been detained in Mexico on July 13, 2012, and held there until May 31, 2013, when he was extradited. This is in accord with Cecena's own statements in the presentence report. The state did not contest these dates below, nor does it do so on appeal.

¶14 However, Cecena never actually asserted before the trial judge that his detention in Mexico was pursuant to the September 2010 arrest warrant. As previously noted, the prosecutor

---

[4] Cecena argues the state waived this claim since it never suggested below that his Mexico incarceration was on account of any other charge. Even assuming, without deciding, that this contention is correct, we nevertheless may consider the issue at our discretion. *See, e.g., State v. Smith*, 203 Ariz. 75, ¶ 12, 50 P.3d 825, 829 (2002) (failure to make legal argument in trial court does not bar appellate court from addressing merits in its discretion).

opposed pretrial credit solely based on an incorrect statement of law that the trial court accepted, and the issue was not addressed further. Thus, neither the prosecutor nor the court questioned whether Cecena's incarceration in Mexico was for reasons other than the Arizona offense, and the state may not benefit from persuading the court that no fact-finding was necessary. We decline to affirm the sentence on this ground.

## Disposition

**¶15** We remand this case for further findings on the length of Cecena's incarceration in Mexico and whether it was pursuant to the Arizona charge of continuous sexual abuse of a minor. *See Hemphill*, 917 A.2d at 250 (remanding for hearing to determine whether defendant's foreign incarceration was solely on account of in-state charge); *cf. State v. Alevras*, 517 A.2d 460, 465 (N.J. Super. Ct. App. Div. 1986) ("We decline to decide the question of credits to which defendant was entitled . . . because the issue was not developed before the sentencing judge."). If, upon remand, the trial court determines that some or all of Cecena's time served in Mexico was pursuant to the Arizona charge within the meaning of § 13-712(B), then Cecena is entitled to credit for such time, in addition to the 340 days the trial court already granted him for presentence incarceration in the United States.