NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

NHA TRAN, *Petitioner*.

No. 1 CA-CR 19-0268 PRPC
FILED 12-24-2019

Petition for Review from the Superior Court in Navajo County
No.  CR 201100718
The Honorable Robert J. Higgins, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Navajo County Attorney's Office, Holbrook
By Michael R. Shumway
*Counsel for Respondent*

Nha Tran, Winslow
*Petitioner*

---

**MEMORANDUM DECISION**

Judge Michael J. Brown delivered the decision of the Court, in which Presiding Judge Jennifer B. Campbell and Judge Lawrence F. Winthrop joined.

---

**B R O W N**, Judge:

¶1　　　　Nha Tran petitions this court for review from the dismissal of his petition for post-conviction relief filed pursuant to Arizona Rule of Criminal Procedure 32. We have considered the petition for review, and, for the reasons stated, grant review and deny relief.

¶2　　　　After Tran pleaded guilty to attempted transportation of marijuana for sale, the superior court suspended the imposition of his sentence and imposed probation. The probation department twice petitioned to revoke Tran's probation, and both times he admitted to violating one or more conditions of probation. After the first admission, the court reinstated probation. After the second admission, the court sentenced Tran to an aggravated prison term of seven years.

¶3　　　　Tran timely initiated a request for post-conviction relief raising the following claims: (1) his sentence was contrary to law because the superior court did not grant him any presentence incarceration credit; and (2) his revocation counsel was ineffective because she never complied with the court's order to submit a brief regarding Tran's entitlement to credit and because she did not meaningfully present any mitigating information on his behalf.

¶4　　　　The superior court held an evidentiary hearing on Tran's petition. After considering the testimony of Tran and his former attorney, exhibits, and the parties' closing briefs, the court awarded Tran 172 days of presentence incarceration credit but otherwise denied relief. Tran timely sought review.

¶5　　　　We will not disturb the superior court's decision absent an abuse of discretion, which is found where the court "makes an error of law or fails to adequately investigate the facts necessary to support its decision."

*State v. Pandeli*, 242 Ariz. 175, 180, ¶ 4 (2017). We accept the court's findings of fact unless they are "clearly erroneous." *Id.* at ¶ 3.[1]

¶6          Arizona Revised Statutes § 13-712(B) requires that "[a]ll time actually spent in custody pursuant to an offense until the prisoner is sentenced to imprisonment for such offense shall be credited against the term of imprisonment . . . ." Out-of-state custody that is "pursuant to an arrest for an Arizona offense" counts toward the Arizona sentence. *State v. Mahler*, 128 Ariz. 429, 430 (1981). The defendant bears the burden of proving entitlement to presentence incarceration credit, *State v. Cecena*, 235 Ariz. 623, 625, ¶ 10 (App. 2014), and may raise the issue of insufficient credit "at any time," *State v. Ritch*, 160 Ariz. 495, 498 (App. 1989).

¶7          In closing briefs submitted after the evidentiary hearing, Tran argued he was entitled to 172 days' credit, and the State argued for 140 days' credit. The court agreed with Tran and granted him the 172 days he requested.

¶8          Tran contends on review that he actually deserves 251 days' credit, and the State responds the superior court should have awarded only 140 days' credit. Neither persuades us to disturb the superior court's determination. Tran seeks credit for time incarcerated in California, but he fails to show he was held in custody pursuant to an Arizona warrant rather than a California charge. *See Cecena*, 235 Ariz. at 625–26, ¶ 10. We do not address the State's counterargument because it failed to present the issue in a timely petition or cross-petition for review. *See* Ariz. R. Crim. P. 32.9(c)(A)–(B).

¶9          Tran also contends he should have prevailed on his ineffective assistance claim, pointing to evidence his revocation attorney never briefed the court on Tran's entitlement to presentence incarceration credit as directed, failed to provide mitigating facts, and advised Tran to admit questionable probation violations in the first place. To succeed on an ineffective assistance of counsel claim, a defendant "must show that counsel's performance fell below reasonable standards and that the

---

[1]     The superior court declined to consider Tran's argument that counsel's ineffective assistance led him to admit disputable probation violations in the first place because Tran did not raise that issue prior to the evidentiary hearing. We find no abuse of discretion. *See State v. Lopez*, 223 Ariz. 238, 240, ¶¶ 6–7 (App. 2009).

deficient performance prejudiced him." *State v. Roseberry*, 237 Ariz. 507, 509, ¶ 10 (2015). Failing to establish either prong bars relief. *State v. Bennett*, 213 Ariz. 562, 567, ¶ 21 (2006).

**¶10**     The superior court did not abuse its discretion in finding that defense counsel's performance—even if substandard in certain respects—caused Tran no prejudice. Because the court granted Tran presentence incarceration credit after the evidentiary hearing, the failure of his revocation attorney to earlier address that issue was ultimately harmless. Nor did Tran show a "reasonable probability" he would have received a better sentence if his attorney had provided more mitigating circumstances. *See State v. Lee*, 142 Ariz. 210, 214 (1984) (quoting *Strickland v. Washington*, 466 U.S. 668, 694 (1984)).

**¶11**     At the sentencing hearing, the court found the following aggravating factors: Tran's "criminal history, the amount of drugs that [were] seized in [the underlying] case, poor performance on probation, [and] new offenses in multiple states committed while on felony release." Tran's attorney proposed the following mitigating facts: Tran was 42 years old, married with two children, worked in construction, took responsibility for his misconduct, and promised not to get into trouble in the future. The court sentenced Tran to an aggravated term after deciding that the "aggravating factors outweigh[ed] any mitigators."

**¶12**     Tran asserts that his attorney should have (1) provided more specific information about his family relationships and employment, (2) mentioned his participation in classes while on probation, and (3) emphasized his lack of recent felony arrests. The superior court did not abuse its discretion when it concluded that the "record alone," rather than the performance of defense counsel, "led to [Tran's] aggravated sentence." *See State v. Armstrong*, 208 Ariz. 345, 354, ¶ 40 (2004) ("We will not find that a trial court has abused its discretion unless no reasonable judge would have reached the same result under the circumstances."). The record before the superior court, and Tran's statements at the sentencing hearing, showed the purported improvements in his criminal history and his participation in classes. Details such as the name of Tran's employer, the ages of his children, and the assistance Tran provided to his parents are unlikely to have made a difference in his sentence.

**¶13**     In his reply to the State's response, Tran claims that due to his limited education and lack of proficiency with the English language, he has had difficulty communicating with his counsel. He contends that the superior court "did not seem to care" whether he understood the court

proceedings. Tran has waived those assertions, however, by failing to raise them in his petition for review. *See State v. Guytan*, 192 Ariz. 514, ¶ 15 (App. 1998) ("Generally an issue raised for the first time in a reply brief is waived.").

**¶14**      Accordingly, we grant review and deny relief.



AMY M. WOOD • Clerk of the Court
FILED:  AA