NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Respondent,*

*v.*

KELLY JEAN PRINGLE, *Petitioner.*

No. 1 CA-CR 19-0035 PRPC
FILED 1-14-2020

Petition for Review from the Superior Court in Yavapai County
No. V1300CR201580442
V1300CR201780110
The Honorable Michael R. Bluff, Judge

**REVIEW GRANTED; RELIEF GRANTED**

COUNSEL

Yavapai County Attorney's Office, Camp Verde
By Patti Marie Wortman
*Counsel for Respondent*

Kelly Jean Pringle, Goodyear
*Petitioner*

---

**MEMORANDUM DECISION**

Presiding Judge Kenton D. Jones delivered the decision of the court, in which Judge James B. Morse Jr. and Judge Diane M. Johnsen joined.

---

**J O N E S,** Judge:

¶1          Kelly Pringle petitions this Court for review from the dismissal of her petition for post-conviction relief, filed pursuant to Arizona Rule of Criminal Procedure 33.  We have considered the petition for review and, for the reasons stated, grant review and grant relief.

**FACTS AND PROCEDURAL HISTORY**

¶2          In September 2015, Pringle pleaded guilty to one count of taking the identity of another and one count of theft.  The Arizona superior court suspended imposition of sentence on these 2015 convictions and placed Pringle on probation.

¶3          In May 2016, the State of Arizona (Arizona) petitioned to revoke Pringle's probation because she changed her residence without receiving prior approval from the probation department.  The Arizona superior court issued a nationwide warrant for Pringle's arrest.  The following month, Pringle was arrested in Illinois, where she was charged and convicted of an act of identity theft that occurred in Illinois.  The Illinois court sentenced Pringle to thirty months' imprisonment on this 2016 conviction.

¶4          Meanwhile, in February 2017, Arizona indicted Pringle on new charges of fraud, theft, forgery, and unlawful use of food stamps based upon acts Pringle committed before leaving Arizona.  The Arizona superior court issued another warrant for her arrest.

¶5          On June 27, 2017, Illinois released Pringle on parole from her 2016 conviction, and Arizona requested Pringle be extradited.  Illinois held Pringle in custody for some period of time pending transportation back to Arizona, where she arrived on July 8, 2017.[1]

---

[1]          The record is not clear regarding Pringle's whereabouts or custodial status between June 27 and July 8, 2017.

**¶6**            In November 2017, Pringle pleaded guilty to the unresolved Arizona charges, which operated as a violation of her probation.  *See* Ariz. R. Crim. P. 26.1(a),[2] 27.8(e).  On December 11, the Arizona superior court revoked Pringle's probation and sentenced her to concurrent minimum terms of 1.5 years' imprisonment for the 2015 convictions.  The court also sentenced Pringle to concurrent presumptive terms of four years' imprisonment for the 2017 convictions, with the terms of the 2015 and 2017 convictions to run consecutively, for a total of 6.5 years' imprisonment.

**¶7**            The parties disputed the credit Pringle should receive for presentence incarceration.  Pringle argued she was entitled to credit for the entirety of the time she was incarcerated in Illinois; Arizona argued she was only entitled to credit for time incarcerated in Arizona.  The Arizona superior court gave Pringle credit for the time she was in Arizona, which resulted in credit for two days against her sentence for the 2015 convictions, and 156 days against her sentence for the 2017 convictions.

**¶8**            Pringle timely initiated a request for post-conviction relief. After reviewing the record and correspondence from Pringle, her assigned counsel advised he could find no colorable claims to pursue.  Pringle obtained permission to file a *pro se* petition for post-conviction relief, in which she argued her sentence was erroneously calculated and her counsel was ineffective. The Arizona superior court denied the petition, concluding Pringle had failed to state a colorable claim of ineffective assistance of counsel and was not entitled to any additional presentence incarceration credit.  Pringle timely petitioned for review, and we have jurisdiction pursuant to Arizona Rule of Criminal Procedure 33.16.

## DISCUSSION

**¶9**            In her petition, Pringle argues only that the Arizona superior court erred by declining to award additional presentence incarceration credit.[3] We review an order denying a petition for post-conviction relief for an abuse of discretion.  *State v. Nunez-Diaz*, 247 Ariz. 1, 5, ¶ 10 (2019) (citing *State v. Miles*, 243 Ariz. 511, 513, ¶ 7 (2018)).  "An error of law constitutes an

---

[2]        Absent material changes from the relevant date, we cite the current version of rules and statutes.

[3]        Pringle has waived review of the Arizona superior court's decision on her claim of ineffective assistance of counsel by failing to raise the issue in her petition.  *See* Ariz. R. Crim. P. 33.16(c)(4).

abuse of discretion." *State v. Cheatham*, 240 Ariz. 1, 2, ¶ 6 (2016) (citing *State v. Bernstein*, 237 Ariz. 226, 228, ¶ 9 (2015)).

¶10        Arizona Revised Statutes § 13-712(B) requires that "[a]ll time actually spent in custody pursuant to an offense until the prisoner is sentenced to imprisonment for such offense . . . [shall] be credited against the term of imprisonment." Out-of-state custody counts toward an Arizona sentence if the incarceration was "pursuant to an arrest for an Arizona offense." *State v. Mahler*, 128 Ariz. 429, 430 (1981) (citing *Walsh v. State ex rel. Eyman*, 104 Ariz. 202, 207-08 (1969)).

¶11        Here, the Arizona superior court did not give Pringle any credit for the time she was incarcerated in Illinois. Although Pringle was not entitled to credit against her Arizona sentence for the time served in Illinois related to her Illinois offense, *see State v. Horrisberger*, 133 Ariz. 569, 570 (App. 1982) (affirming the denial of presentence incarceration credit for time spent in out-of-state custody pursuant to out-of-state charges), the record reflects Illinois released Pringle on parole on June 27, 2017. To the extent she was held in custody awaiting extradition between that date and her arrival in Arizona on July 8, she was being held only "pursuant to . . . an Arizona offense." *See Mahler*, 128 Ariz. at 430. She is entitled to credit for those days. *See Horrisberger*, 133 Ariz. at 570 (affirming an award of presentence incarceration credit for the period when the defendant was being held in and transported from another state after the defendant's charges in the other state were dismissed).

¶12        Because the record is unclear as to the exact amount of time Pringle was held in custody pending her arrival in Arizona, we remand for resentencing, to allow the Arizona superior court to make that determination and credit Pringle's sentences accordingly. Although the defendant bears the burden of showing entitlement to presentence incarceration credit, Arizona has a duty to disclose all information demonstrating credit is due. *State v. Cecena*, 235 Ariz. 623, 625, ¶ 10 & n.3 (App. 2014) (citations omitted).

## CONCLUSION

¶13  We grant review, grant relief, and remand for further proceedings.



AMY M. WOOD • Clerk of the Court
FILED: AA