NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

ALEXANDER DEWITT JOHNSON, *Petitioner*.

No. 1 CA-CR 21-0115 PRPC

FILED 3-3-2022

Petition for Review from the Superior Court in Maricopa County
No. CR 2017-001784-001
The Honorable Michael W. Kemp, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Robert Walsh
*Counsel for Respondent*

Lorona Mead, PLC, Phoenix
By Jess A. Lorona
*Counsel for Petitioner*

---

**MEMORANDUM DECISION**

Judge Samuel A. Thumma delivered the decision of the Court, in which Presiding Judge Maria Elena Cruz and Judge Michael J. Brown joined.

---

**T H U M M A**, Judge:

¶1 Alexander Dewitt Johnson petitions for review of the superior court's summary dismissal of his first post-conviction relief proceeding pursuant to Arizona Rule of Criminal Procedure 33. For the reasons set forth below, the court grants review but denies relief.

¶2 Johnson was charged by indictment for various felony offenses alleged to have occurred in Maricopa County in March 2017. At the time, Johnson was in custody in Colorado facing different criminal charges there. Although an Arizona grand-jury warrant was provided to Colorado authorities in April 2017, he was held in custody there on the Colorado charges for many months.

¶3 After entering a guilty plea in the Colorado proceeding, in March 2018, Johnson was sentenced to 12 years in prison in that matter. It was not until July 2018 that Arizona law enforcement was able to extradite Johnson to Arizona. In January 2019, Johnson pled guilty to armed robbery in Arizona, and in February 2019, he was sentenced to 10.5 years in prison in the Arizona matter, with 250 days' presentence incarceration credit, and the sentence to run concurrently with his Colorado sentences.

¶4 Johnson filed this post-conviction relief proceeding, deemed timely by the superior court, alleging he was entitled to presentence incarceration credit from the date of the grand-jury warrant in April 2017 to his July 2018 extradition and that his Arizona trial counsel was ineffective by failing to press the issue and "to investigate [his] extradition status." The court summarily dismissed the proceeding, finding Johnson was not entitled to more credit because he was in "Colorado custody on Colorado charges" before his extradition. Johnson timely seeks review by this court.

¶5          This court generally reviews the dismissal of a post-conviction relief proceeding for an abuse of discretion, *State v. Nunez-Diaz*, 247 Ariz. 1, 4 ¶ 10 (2019), reviewing de novo the entitlement to presentence-incarceration credit, *State v. Lambright*, 243 Ariz. 244, 249 ¶ 9 (App. 2017).

¶6          "All time actually spent in custody pursuant to an offense until the prisoner is sentenced to imprisonment for such offense shall be credited against the term of imprisonment otherwise provided for by this chapter." A.R.S. § 13-712(B). "It is the defendant's burden at sentencing to demonstrate entitlement to a presentence incarceration credit." *State v. Cecena*, 235 Ariz. 623, 625 ¶ 10 (App. 2014). To carry this burden, a defendant must show the Arizona charge was the "'but for' cause of his or her out-of-state presentence incarceration." *Id.* at 626 ¶ 10. A defendant is therefore not entitled to presentence incarceration credit for time spent in out-of-state custody on an out-of-state charge, even when that defendant also has an Arizona hold. *Id.*; *see State v. Horrisberger*, 133 Ariz. 569, 570 (App. 1982) (denying defendant credit for time spent in out-of-state custody for charges in other states despite also having an Arizona hold because the incarceration was not "pursuant to" the Arizona offense).

¶7          Applying these principles, Johnson does not allege or show his pre-extradition incarceration in Colorado resulted *solely* from his Arizona charges. *See Cecena*, 235 Ariz. at 626 ¶ 10. As the State points out, the record shows he received credit against his Colorado sentence from the date he was arrested on the Colorado charges to his sentencing. Then, from his sentencing until his extradition, he was serving his Colorado prison term. These facts show his pre-extradition incarceration was attributable to his Colorado charges, meaning his Arizona charges were never the required "but-for" cause of his incarceration. *See id.*

¶8          Johnson fails to support his assertion -- offered without citation to supporting legal authority -- that he is entitled to more credit because Arizona simultaneously maintained a fugitive-of-justice. To the contrary, such a claim conflicts with longstanding Arizona precedent. *See Cecena*, 235 Ariz. at 626 ¶ 10; *compare State v. Mahler*, 128 Ariz. 429, 430 (1981) (awarding defendant credit for time spent in out-of-state custody awaiting extradition because he was held solely on Arizona charges) *with State v. Lalonde*, 156 Ariz. 318, 320 (App. 1987) (denying credit for out-of-state incarceration because "that time was spent in custody on a Utah charge") *and Horrisberger*, 133 Ariz. at 570. Thus, Johnson has shown no error.

¶9   Johnson's failure to establish that he was not properly credited with presentence time in custody in Arizona defeats his ineffective assistance of counsel claim. *See State v. Bennett*, 213 Ariz. 562, 567 ¶ 21 (2006) (noting "a defendant must show both that counsel's performance fell below objectively reasonable standards and that this deficiency prejudiced the defendant."). Because he has established neither deficient performance nor resulting prejudice, he fails to present a colorable ineffective assistance of counsel claim. *See id.* at 568 ¶ 25 (establishing prejudice requires a petitioner to show a reasonable probability that the proceeding's result would have been different absent counsel's error).

¶10   For these reasons, the court grants review but denies relief.



AMY M. WOOD • Clerk of the Court
FILED:  AA