NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA,
*Appellant,*

v.

ROGER WESLEY GIARDINI,
*Appellee.*

No. 1 CA-CR 21-0481
FILED 10-18-2022

Appeal from the Superior Court in Maricopa County
No. CR2011-121922-001
The Honorable Anne H. Phillips, Judge *Pro Tempore*

**AFFIRMED AS MODIFIED**

COUNSEL

Maricopa County Public Defender's Office, Phoenix
By Lawrence S. Matthew
*Counsel for Appellee*

Maricopa County Attorney's Office, Phoenix
By Robert E. Prather
*Counsel for Appellant*

_____

**MEMORANDUM DECISION**

Judge James B. Morse Jr. delivered the decision of the Court, in which Presiding Judge Jennifer M. Perkins and Judge Michael J. Brown joined.

_____

**M O R S E**, Judge:

¶1        The State of Arizona appeals the award of presentence incarceration credit for Roger Wesley Giardini.  We modify the sentence and affirm the conviction and sentence as modified.

## FACTS AND PROCEDURAL BACKGROUND

¶2        Roger Wesley Giardini entered a guilty plea for Failure to Register as a Sex Offender on August 12, 2011, for which he was sentenced to a lifetime of supervised probation.  Hoping to serve his probationary sentence in California, Giardini submitted an Interstate Compact, which California accepted.

¶3        While on Interstate Compact Supervision in California, Giardini committed the crime of Child Annoyance in June 2012.  Arizona filed a petition to revoke probation on July 27, 2012.  On July 30, the probation department entered a detainer hold on Giardini in California pursuant to the Arizona case.

¶4        The California court convicted Giardini on the Child Annoyance charge and sentenced him to two years in the California Department of Corrections.  California granted Giardini parole on July 7, 2013, and extradited him to Arizona on July 23.  On August 14, 2013, the Arizona court reinstated Giardini's probation.  Giardini spent a total of 358 days incarcerated in California while subject to the Arizona detainer.

¶5        Subsequently, the State filed three additional petitions to revoke Giardini's probation.  After the latest petition, the court revoked probation and sentenced Giardini to 2.5 years imprisonment, with 483 days of pre-incarceration credit, including credit for 358 days that Giardini spent in California prison while subject to the detainer.

## DISCUSSION

**¶6** The sole question presented for review is whether the trial court erred in granting presentence incarceration credit for the time Giardini served in a California prison on a California offense. The parties agree that the court erred in granting 483 days of credit.

**¶7** We also agree that the court erred. Whether Giardini is entitled to presentence incarceration credit is a matter of statutory interpretation, which we review de novo. *State v. Bomar*, 199 Ariz. 472, 475, ¶ 5 (App. 2001). The law provides that "[a]ll time actually spent in custody pursuant to an offense until the prisoner is sentenced to imprisonment for such offense shall be credited against the term of imprisonment . . . ." A.R.S. § 13-712(B).

**¶8** A criminal defendant is entitled to presentence incarceration credit for time spent in out-of-state custody so long as the out-of-state incarceration is pursuant to the Arizona offense. *State v. Mahler*, 128 Ariz. 429, 430 (1981). But he is not entitled to presentence incarceration credit for time spent in out-of-state custody on an out-of-state charge, regardless of whether he is subject to an Arizona detainer. *State v. Horrisberger*, 133 Ariz. 569, 570 (App. 1982). The distinction is whether the Arizona charge is a "but-for" cause of his out-of-state incarceration. *State v. Cecena*, 235 Ariz. 623, 626, ¶ 10 (App. 2014).

**¶9** For most of his time in California prison, Giardini would have been incarcerated regardless of the Arizona hold. Giardini acknowledges that he is not entitled to credit for the time spent in custody pursuant to the California charges, but claims he is entitled to credit for 140 days, including the time after his California parole began. On appeal the State does not take an explicit position on the correct amount of credit. But when it moved the superior court to modify the sentence, the State urged the court to grant 140 days presentence incarceration credit.

**¶10** Giardini is not entitled to presentence incarceration credit for all post-detainer time spent in California prison, but he is entitled to the time he spent in custody after his parole grant. Accordingly, we modify the sentence, consistent with Giardini's position on appeal and the State's position before the superior court, to reflect credit for 140 days served instead of 483.

## CONCLUSION

¶11 For the foregoing reasons, we modify Giardini's sentence and affirm his conviction and sentence as modified.



AMY M. WOOD • Clerk of the Court
FILED: AA