NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellant*,

*v.*

ROBERT DAVID LUIS ESPOSITO, *Appellee*.

No. 1 CA-CR 22-0162
FILED 2-9-2023

Appeal from the Superior Court in Maricopa County
No. CR2018-155681-001
The Honorable Anne Phillips, Judge *Pro Tempore*

**REVERSED AND REMANDED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Robert E. Prather
*Counsel for Appellant*

Maricopa County Public Defender's Office, Phoenix
By Robert W. Doyle
*Counsel for Appellee*

---

**MEMORANDUM DECISION**

Presiding Judge Paul J. McMurdie delivered the Court's decision, in which Judge Michael J. Brown and Judge Michael S. Catlett joined.

---

**M c M U R D I E**, Judge:

**¶1**         The State appeals from the superior court's order granting Robert David Luis Esposito 413 days of incarceration credit toward his state sentence for time spent in federal custody. The State argues that the court erred by applying the credit toward Esposito's state prison term because the incarceration arose from a separate federal conviction.

**¶2**         We agree with the State. Because credit toward an Arizona sentence can only be awarded for time spent in custody based on that conviction, we vacate the presentence incarceration credit and remand for a correct determination of the applicable credit.

### FACTS AND PROCEDURAL BACKGROUND

**¶3**         Esposito pled guilty to one count of forgery and was placed on a two-year probation term beginning in August 2019. During that term, Esposito was arrested under federal authority and charged with drug possession with the intent to distribute. Based on the federal charges, the State petitioned to revoke his probation on February 16, 2021.

**¶4**         Because Esposito was in federal custody, the State placed a hold on Esposito on February 18, 2021. One month later, the State petitioned the superior court for a writ of *habeas corpus ad prosequendum*, asking the federal government to order Esposito's temporary release from federal custody so that he could appear before the superior court. The court granted the writ on March 11, 2021.

**¶5**         Despite requesting the authority to bring Esposito before the superior court in March 2021, the State did not obtain Esposito's transfer to state custody until March 31, 2022. On April 7, Esposito admitted he violated his probation, and the court revoked Esposito's probation and sentenced him to 2.5 years in prison.

**¶6**         The court next considered incarceration credit. The State argued that Esposito qualified for seven days of presentence incarceration

credit, counting the days between his March 31 return to state custody through the April 7 disposition. Esposito countered that he had a right to credit for the time spent in federal custody while the State's hold was in place beginning on February 18, 2021, totaling 413 days.

¶7        The superior court disagreed with the State's calculation and granted Esposito 413 days of presentence incarceration credit "based on the fact that there was a writ of habeas corpus" on Esposito. The State appealed, and we have jurisdiction under Article 6, Section 9 of the Arizona Constitution and A.R.S. §§ 12-120.21(A)(1), 13-4031, and 13-4032(5).

## DISCUSSION

¶8        We review the superior court's ruling on presentence incarceration credit *de novo*. *State v. Bomar*, 199 Ariz. 472, 475, ¶ 5 (App. 2001).

¶9        Under A.R.S. § 13-712(B), "[a]ll time actually spent in custody pursuant to an offense until the prisoner is sentenced to imprisonment for such offense shall be credited against the term of imprisonment." Esposito was in custody for 413 days before the disposition hearing. But because Esposito was not "in custody *pursuant to*" the Arizona sentence, the State argues the superior court erred by applying that time to his sentence. *See id.* (emphasis added).

¶10        We have consistently held that "presentence incarceration credit is unavailable for time served based on a charge other than that for which the defendant is being sentenced, because such incarceration is not 'pursuant to' the relevant offense." *State v. Cecena*, 235 Ariz. 623, 625, ¶ 7 (App. 2014). A writ of *habeas corpus ad prosequendum* is used "to return the accused to the county where charges have been filed" and is "the equivalent of a request for temporary custody." *State v. Loera*, 165 Ariz. 543, 545–46 (App. 1990); *see also State v. Kaipio*, 246 Ariz. 134, 137, ¶ 9 (App. 2019). Even when, as here, an Arizona charge causes a hold on a defendant incarcerated in another jurisdiction, incarceration credit does not apply to time spent in custody unless the Arizona charge is the but-for cause of the incarceration. *See Cecena*, 235 Ariz. at 626, ¶ 10; *State v. Horrisberger*, 133 Ariz. 569, 570 (App. 1982); *accord Thomas v. Whalen*, 962 F.2d 358, 361, n.3 (4th Cir. 1992) ("A prisoner is *not even in custody* for purposes of [sentence computation] when he appears in federal court pursuant to a writ *ad prosequendum*; he is merely 'on loan' to federal authorities.") (emphasis added). Thus, the Arizona hold on Esposito does not qualify him for incarceration credit because he would have been incarcerated under federal charges regardless.

3

**¶11** Still, Esposito maintains that the credit should stand because "[t]he State was aware that Esposito was in federal custody" and, despite obtaining a writ of *habeas corpus ad prosequendum*, "the State delayed for over 1 year with no reason given." Esposito argues that the State's delay prejudiced him by eliminating the opportunity for the Arizona and federal prison sentences to run concurrently.

**¶12** Esposito relies on *State v. Adler*, 189 Ariz. 280 (1997), for the proposition that "[w]hen a Petition to Revoke probation is filed against a defendant and the State knows [he is] in federal custody by filing a hold, due process requires granting full presentence incarceration credit." According to Esposito, *Adler* directs that "[f]ailure to bring such a person to court does not vacate the revocation proceedings but does require that the defendant receive concurrent sentences."

**¶13** But Esposito misstates *Adler*'s conclusion. The *Adler* court did not direct the superior court to apply presentence incarceration credit. *See* 189 Ariz. at 285. Instead, in *Adler*, the supreme court directed that the probation revocation petition be *dismissed*. *Id.* Thus, while unreasonable delay may be grounds to bar the State from revoking probation, nothing in *Adler* permits a court to award presentence credit outside the boundaries of A.R.S. § 13-712.

**¶14** Even so, we will not consider dismissing the probation revocation petition because Esposito has not made such a request.[1] And we cannot assess the reasonableness of the delay, as the record is silent on what caused the delay from when the court granted the writ until Esposito was brought to Maricopa County. We note that when a court issues a writ, it is addressed to the executive branch. *Velazquez v. Myers*, 1 CA-SA 17-0298, 2018 WL 326515, at *3, ¶ 16 (Ariz. App. Jan. 9, 2018) (mem. decision). When a state court issues a writ, the federal Bureau of Prisons considers it. *See* 28 C.F.R. § 527.30. Still, the warden has the discretion to reject the state's writ and "shall authorize transfer only when satisfied that the inmate's appearance is necessary, that state and local arrangements are satisfactory, that the safety or other interests of the inmate . . . are not seriously

---

[1] If, as in *Adler*, the delay in prosecution by the State was unreasonable such that it infringed on Esposito's right to due process, he may make the argument in a petition for post-conviction relief. *See* Ariz. R. Crim. P. 33.1(a).

jeopardized, and that federal interests . . . will not be interfered with, or harmed." 28 C.F.R. § 527.31(b).

**¶15** Thus, because the Arizona hold was not the but-for cause of Esposito's incarceration while he was in federal custody, we conclude that the superior court erred by awarding Esposito presentence incarceration credit for those days.

## CONCLUSION

**¶16** We reverse the award of incarceration credit and remand for a correct calculation of the time to be credited.



AMY M. WOOD • Clerk of the Court
FILED: AA