NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

DUANE EUGENE CASH, *Appellant.*

No. 1 CA-CR 24-0028
FILED 12-24-2024

Appeal from the Superior Court in Maricopa County
No.  CR2020-104385-001
The Honorable Kerstin G. LeMaire, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Michael O'Toole
*Counsel for Appellee*

Maricopa County Office of the Legal Advocate, Phoenix
By Daniel Fenzel
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

---

Presiding Judge Jennifer B. Campbell delivered the decision of the Court, in which Judge Kent E. Cattani and Judge Paul J. McMurdie joined.

---

**C A M P B E L L**, Judge:

¶1        Duane Eugene Cash appeals his convictions and sentences, arguing that the trial court improperly held the trial in his absence. Cash also asserts that the court erred in calculating his presentence incarceration credit. For the following reasons, we affirm.

## BACKGROUND

¶2        On January 28, 2020, in Phoenix, Cash was arrested and charged with criminal trespass and unlawful flight from a law enforcement vehicle. He was released the next day after acknowledging his release conditions in writing, including that he "must maintain contact with [his] attorney" and "appear at all court proceedings" or they "may go forward in [his] absence." Cash failed to appear for his arraignment and the hearing was reset. When Cash failed to appear at the second hearing, the court issued a warrant for his arrest. About a month later, Cash was arrested on the warrant and detained. He was again released and acknowledged that he understood that he "must maintain contact with [his] attorney" and "appear at all court proceedings" or the court "may go forward in [his] absence."

¶3        Eventually, in March 2022, Cash appeared remotely for arraignment. He pled not guilty and informed the court that he was residing in Tucson. The court announced dates for the pretrial conferences and trial, noting that the "first couple hearings . . . do not require in-person attendance . . . [but that] could change." The court repeatedly admonished Cash to maintain contact with his attorney to ensure that he would be informed of any change in scheduling and to attend all court dates virtually or in person.

¶4        Cash failed to appear at the final trial management conference set for September 2022. The court issued another warrant for his arrest. A few days later, Cash was assigned new counsel. In November 2022, Cash was arrested on the warrant in Pima County. He was released on bond the

same day and was told to call the Maricopa County Superior Court for his next court date. Cash again failed to appear at the trial management conference rescheduled for December 8, 2022, and defense counsel informed the court that Cash was homeless in Tucson. The last communication Cash had with either his past or current counsel was on October 11, before his latest arrest and release. The court moved the case forward in two pretrial hearings—neither of which Cash attended. Defense counsel informed the court that his office had sent Cash travel money to get to Phoenix. But counsel had not "seen anything" indicating that Cash would attend the trial.

¶5        The court held a three-day jury trial from January 10 to January 12, 2023. Cash did not appear for the first day of trial. On the second day of trial, defense counsel "object[ed] to going forward in absentia." The court considered the objection to be "a motion not to proceed in absentia" and denied it. The jury found Cash guilty on both counts. Unbeknownst to the court or the attorneys, Cash was arrested on separate charges on January 11—the second day of trial—and taken into custody in Pima County.

¶6        On March 10, 2023, the court issued a warrant for Cash's arrest, and a minute entry explaining that it had mistakenly believed Cash was under warrant during trial. On August 1, 2023, the State petitioned the court to secure Cash's attendance. On August 10, 2023, the court ordered the Maricopa County Sheriff to take custody of Cash on the instant offenses. On September 13, 2023, the warrant was executed, and Cash was transferred to custody in Maricopa County. Defense counsel then submitted a sentencing memorandum, informing the court for the first time of the January 11, 2023, arrest in Pima County.

¶7        At the sentencing hearing, defense counsel noted that Cash was not at trial "because he's indigent." "He did not have money to come up here . . . [m]y office sent him the bus money, but unfortunately, he used it, well to live." But regardless, defense counsel contended that "we did not have to have this [trial] in absentia . . . [w]e could have waited until [Cash] was picked up and brought up here." And "[i]f we had known" that Cash committed "a new crime down in Pima on [January 11] and he was put in custody on [January 11] . . . we should have had him sent up here."

¶8        At sentencing, Cash requested 309 days of presentence incarceration credit for time served from January 11, 2023, through the sentencing hearing. Alternatively, he requested 252 days of credit for time served beginning March 10, 2023, when the arrest warrant was issued. The

court sentenced Cash to 1.5 years' imprisonment with 63 days of presentence incarceration credit. Cash timely appealed.

## DISCUSSION

**¶9** Cash argues the court erred by allowing the trial to proceed in absentia and requests that we remand for a new trial. He also argues that he was entitled to additional presentence incarceration credit.

## I. Trial In Absentia

**¶10** Cash first argues that the court violated his due process rights by holding the trial in his absence. A criminal defendant has a constitutional right to be present at every stage of trial. U.S. Const. amend. VI; Ariz. Const. art. 2, § 24; *see also* Ariz. R. Crim. P. 19.2. That said, if a defendant's absence is voluntary, he waives this right. Ariz. R. Crim. P. 9.1. "The court may infer that a defendant's absence is voluntary if the defendant had actual notice of the date and time of the proceeding, notice of the right to be present, and notice that the proceeding would go forward in the defendant's absence." *Id.* We review the trial court's finding of voluntary absence for abuse of discretion. *State v. Holm*, 195 Ariz. 42, 43, ¶ 2 (App. 1998).

### A. Notice of Trial Dates

**¶11** Cash contends that the court could not infer a voluntary absence because nothing in the record suggested that he had actual notice of his trial dates. We agree that the record suggests Cash lacked actual notice of the final trial dates. The court set the trial dates at a conference in December 2022, and Cash did not have contact with counsel or with the court between the trial setting and the commencement of trial. Nevertheless, Cash is not entitled to relief.

**¶12** Each time Cash was released from custody, he was admonished that he was required to "maintain contact with [his] attorney" and "appear at all court proceedings" or they "may go forward in [his] absence," and he acknowledged his understanding of these obligations in writing. At his arraignment, the court emphasized that Cash was required to maintain contact with his attorney to ensure he attended all court hearings. Cash does not dispute receiving the admonition, acknowledging that he understood it and that he violated it several times.

**¶13** If a defendant is provided proper notice under Arizona Rule of Criminal Procedure 9.1 and fails to maintain contact with his attorney, the trial court may presume the defendant is voluntarily absent. *See State v.*

4

*Hall*, 136 Ariz. 219, 222 (App. 1983) (holding that notice is not required under Rule 9.1 after every continuance); *Holm*, 195 Ariz. at 43, ¶ 4 ("Had appellant met his obligation to maintain contact with his lawyer, he would have been aware of the actual trial date. Having failed to do so, he cannot now argue that his decision to violate his conditions of release by absconding was not a voluntary waiver of the right to be present at his trial."). Cash cannot shield himself from criminal responsibility by withdrawing from communication with the court and his attorney. Based on the multiple times Cash was admonished that the proceedings would continue in his absence, the court could properly conclude that he was aware of his obligations and voluntarily failed to comply with them.

¶14        Cash next argues that the court violated Rule 9.1 by not making any voluntariness findings when defense counsel objected to the trial proceeding in absentia. However, Rule 9.1 "does not require the court to 'make a specific determination prior to beginning a proceeding in defendant's absence that [his] absence is voluntary especially where the record is clear that Rule 9.1 is applicable.'" *State v. Contreras*, __ Ariz. __, __, ¶ 18, 557 P.3d 345, 351 (App. 2024) (citation omitted). The court must make a voluntariness determination "only after being asked to do so and provided with specific information indicating involuntariness." *Id.* Defense counsel's cursory objection to Cash's absence during the trial failed to include a request for the court to address the voluntariness of Cash's absence, nor did counsel provide any information indicating that the absence was involuntary. Consequently, the court was not obligated to make voluntariness findings. *See State v. Muniz-Caudillo*, 185 Ariz. 261, 262 (App. 1996) ("[T]he appellant here, although technically without personal notice of his trial date, failed to appear at any subsequent proceedings or keep in contact with trial counsel to ascertain his trial date. After his arrest, he was given an opportunity to explain his absence and . . . no argument was made that his absence was involuntary.").

### B.        Incarceration During Trial

¶15        Even so, Cash asserts on appeal that his absence from the trial was involuntary because he was incarcerated in Pima County during trial. He argues that the court erred because even after learning that Cash had been incarcerated, the court "adhered to the conviction . . . and sentenced [him] anyway" without making "findings to comport with Rule 9.1." When a trial court infers an absence is voluntary and proceeds to trial in absentia, it must later make a voluntariness finding on the record only (1) "if asked" and (2) if "subsequently discovered facts" rebut the inference that the absence was voluntary. *State v. Sainz*, 186 Ariz. 470, 473 (App. 1996); *see also*

*Contreras*, __Ariz. at __, ¶ 18 n.2, 557 P.3d at 351 (clarifying that *Sainz* does not require the court to inquire further when "merely asked," but rather only when also presented with "facts . . . to rebut the initial inference").

¶16 Cash was not arrested until the day after the trial began. As a result, his failure to appear on the first day of trial cannot be deemed involuntary. As for the rest of trial, defense counsel never asked the court to determine whether Cash's absence was voluntary. The only reference to the January 11 arrest was made in arguing for additional presentence incarceration credit, not to claim Cash's absence was involuntary. Accordingly, the trial court was not required to determine whether Cash's incarceration rendered his absence involuntary. The court did not err.

¶17 Finally, even assuming an obligation by the court to make a voluntariness determination, Cash did not present "subsequently discovered facts" sufficient to rebut the inference that his absence was voluntary. *See Sainz*, 186 Ariz. at 473; *Contreras*, __ Ariz. at __, ¶ 18, 557 P.3d at 351 ("The defendant bears the burden of rebutting the [] inference . . . ."). While an absence because one is arrested is often involuntary, an arrest is not dispositive of the voluntariness issue. *See Sainz*, 186 Ariz. at 473 n.1; *United States v. Velazquez*, 772 F.3d 788, 799 (7th Cir. 2014) (noting that only in "rare" cases do defendants "in custody [] knowingly and voluntarily waive[]" their right to be present). At the sentencing hearing, Cash confirmed that he was not absent because he was in custody. Instead, he claimed that he was absent "because he's indigent" and spent the travel money for other purposes. Therefore, even if the court was required to make a subsequent voluntariness determination, the evidence does not overcome the Rule 9.1 inference that Cash's absence was voluntary.

## II.    Presentence Incarceration Credit

¶18 Cash argues the trial court erred by applying only 63 days of presentence incarceration credit and requests that we remand to redetermine when he entered custody on the offenses here. We review the trial court's rulings on presentence incarceration credit de novo. *State v. Yug*, 252 Ariz. 203, 204, ¶ 4 (App. 2021).

¶19 "All time actually spent in custody pursuant to an offense until the prisoner is sentenced to imprisonment for such offense shall be credited against the term of imprisonment . . . ." A.R.S. § 13-712(B). During sentencing, the State argued that Cash was not in custody "pursuant to" the instant offenses until September 13, 2023, when the March 2023 arrest warrant was executed and he was transferred to Maricopa County. And

before the warrant was executed, he was held on separate charges in Pima County, not "pursuant to" the charges here. The court adopted the State's recommendation and awarded 63 days of presence credit.

**¶20**   Cash contends that the court "did not substantively consider whether [Cash's] incarceration was 'pursuant to' this case, because it decided the issue based on the State's 'foreign jurisdiction' argument." Although the State mistakenly referred to Pima County as a foreign jurisdiction, it never argued that Cash could not receive credit for time in Pima County custody "pursuant to" the instant offenses. And nothing suggests that the court overlooked whether Cash was held "pursuant to" the instant charges. We presume the trial court correctly applied the law. *State v. Williams*, 220 Ariz. 331, 334, ¶ 9 (App. 2008).

**¶21**   Cash relies on *State v. Cecena*, 235 Ariz. 623, 626, ¶ 11 (App. 2014), for the proposition that a "formal hold or detainer" is not required to show a defendant was held pursuant to an offense; rather, it may be shown "by less formal means." He asserts that, "[a]pplying *Cecena*, it becomes clear that the [non]execution of a bench warrant is not . . . solely dispositive." Yet, he does not explain why the warrant's execution is not dispositive regarding the date he was taken into custody "pursuant to" the instant offenses. Before September 13, the present charges were not the "but for" cause of his incarceration. *See id. at* ¶ 10. The Pima County charges were. Therefore, we affirm the presence incarceration credit determined by the court at sentencing.

## CONCLUSION

**¶22**   We affirm the convictions and sentences.

